## RAILWAY V. COMBS.

1. RAILROADS: *Damages for right of way: Frightening teams.*

Where a railroad is located through the lands of a farm, the frightening of teams used on the farm by the running of trains has a tendency to depreciate the value of the lands and is proper to be considered as an element of damages in proceedings to condemn the right of way.

2. SAME: *Same: Instruction.*

In a proceeding instituted by a railroad company to condemn a right of way, a witness based his estimate of damages to the land in part upon the fact that pools of water had been allowed to accumulate in excavations made in constructing the road-bed. The ditching of the road-bed was not then completed and the court refused to instruct the jury that they should indulge the presumption that the road-bed would be properly drained when completed. *Held:* That the company was not injured by the refusal, as the charge of the court did not include the supposed damage from the pools in the elements of damage to the land enumerated for the jury's consideration and directed them to consider no element not specified in the charge.

3. SAME: *Same:*

Although a railroad company acquires only an easement in land taken for a right of way, the owner is entitled to the full value of the land actually condemned.

4. SAME: *Same: Opinion of witness.*

The opinion of a witness being admissible to prove the value of a tract of land before and after the construction of a railroad through it, he may also state to what extent in his judgment the land is damaged by the right of way, since the amount of damages recoverable by the land owner is the difference between the two values and this is arrived at by mere computation.

5. PRACTICE IN SUPREME COURT: *Misconduct of counsel.*

Where a party makes no effort to prevent opposing counsel from making an improper statement in the hearing of the jury, and asks no ruling of the trial court with reference to such conduct, he is in no attitude to complain of it on appeal.

6. SAME: *New trial in proceedings to condemn right of way.*

In statutory proceedings by a railroad company to condemn a right of way, as in suits at common law, a verdict sustained by competent evidence will not be disturbed by the supreme court.

Railway v. Combs.

APPEAL from *Washington* Circuit Court.

J. M. PITTMAN, Judge.

*B. R. Davidson* and *E. D. Kenna*, for appellant.

1.   The damages were excessive.   The verdict is evidently based upon the evidence of witnesses who based their opinions upon fanciful and purely speculative damages, and not upon the  difference in the market value before and after the taking.

2.   "Liability to frighten teams or stock" is not an element of damage to be considered.   41 Ark., 435; Mills Em. Dom., sec. 166; 103 Mass., 7; 24 Kas., 745; 14 A. & E. R. cases, 172; Ib., 198–202.

The opinions of witnesses not admissible.   The extent of damage is to be proven by facts, and estimated by the jury. 49 Ind., 493; 35 Id., 54; 36 Ia., 323; 42 Ala., 83; 14 A. & E. R. cases, 184; 23 Wend., 430; 4 R. I., 221; 10 Ind., 120; 20 Wis., 262.

3.   Where an assessment of damages precedes the building of a railroad, the presumption is that it will be built with skill and properly constructed.   44 Ark., 262; 20 Gratt., 355; 4 Foster (N. H.,) 179; 52 Me., 208; 30 Vt., 610; 14 A. & E. R. cases, 239.

It was error to assume that the fee in the strip of land was taken.   Mansf. Dig., secs. 54–63; 22 Kas., 285; Mills Em. Dom., secs. 56–57; 23 Conn., 100.

4.   The judgment should be reversed for  misconduct of appellee's counsel in  offering to prove an offer of  compromise.   Mansf. Dig., secs. 5215; 5221; 44 Ark., 107; Hayne New Trial, sec. 26; 41 N. H., 317, 325; 66 Me., 564; 11 Ga., 633; 10 Ib., 522; 44 Wis., 282; 61 Ia., 559; 19 Mo. App., 134; 36 Oh. St., 201.

*J. D. Walker*, for appellee.

The elements of damage proved were competent. 41 Ark.., 435. No injury occurred to appellant by the offer to prove the offer of compromise. The court excluded it, and the jury did not consider it. The verdict is within the evidence. The law was fully and clearly charged, and no errors appear to the damage of appellant and the judgment should be affirmed.

COCKRILL, C. J.

This is an appeal from a judgment awarding damages as-- sessed by a jury as compensation to a land-owner in a statu- tory proceeding instituted by the railway for condemnation of a right of way. The road had been constructed diago- nally across the cultivated lands of Combs' farm. The questions raised by the company's appeal relate mainly to the measure of damages.

The court's charge definitely confined the jury to the con- sideration of the difference in value of the tract through which the right of way was condemned before and after the construction of the road, in accordance with the ruling in *Railway v. Anderson*, 39 Ark., 167. As elements which might be considered as disadvantages impairing the value of the remaining property, the charge recites, ''the frightening of teams, but not of loose stock;'' and the danger of injur- ies to stock, or in lieu thereof the cost of fencing made nec-- essary by the construction of the road. This part of the charge was limited by a direction to the jury to consider nothing as an element of damage except as it was peculiar to the defendant's land.

On cross-examination, witnesses who had given opinions. as to the amount of the depreciation of the value of the·

farm, stated that the frightening of teams in farm use and the danger to stock on the farm, entered into their calculation; and that part of the charge to which attention is directed, is based upon that testimony.

In the case of the *Railway v. Allen*, 41 Ark., 431, it was held that the exposure of a dwelling to fire by close proximity to a railroad; the annoyance from the sounding of whistles and bells and the running of trains, as well as the increased danger to members of the family and *live stock*, were elements of damage to be considered in a condemnation proceeding, because they tended to diminish the vendible value of property. In so far as the railway enhances the danger to live stock upon a farm, to that extent may it be said to conduce to depreciate the value of the land for farming purposes, and for that reason it has a direct bearing upon the fact to be established by the condemnation proceedings— that is the injury to the land, or what is the same thing, its depreciation in value by the construction of the road. The frightening of teams employed in the use of the land has the same tendency, and although its influence upon the value cannot be considered great, it is not too remote to be taken into account in ascertaining the extent of the injury. *Railway v. Hill*, 56 Penn. St., 460; *Snyder v. Railway*, 25 Wis., 60; *Weyer v. Ry.* 68 Ill., 180; 2 Wood's Railway Law, sec. 257, p. 919; 1 Hare's Const. Law, pp. 351–2.

The inconvenience in such cases is not such as is common to the community in general, but is in the nature of an interruption of the business to which the land is appropriated.

II. On cross-examination, one of the witnesses based his estimate of damages to the land in part upon the fact that pools of water had been allowed to accumulate on the right of way in excavations made in constructing the road-bed,

which he thought would produce sickness. The ditching for the road-bed had not been completed when the damages were assessed, and the company urges that the court erred in refusing to instruct the jury that they should indulge the presumption that the road-bed would be properly drained when completed. But the appellant was not injured by the refusal, for the court charged the jury that they should consider no element of damages to the land except such as was specified in the charge; and the supposed damage from the pools was not included in the elements enumerated for the jury's consideration.

3. SAME:
Same.

III. It is argued that the land-owner should not be allowed the full value of the land actually taken for the right of way because the company acquires not the fee, but an easement only. But the theory of the condemnation is that the easement is to be a perpetual right, and the determination of all the previous cases in this State has been based upon the idea that there must be compensation in the full value of the land actually condemned. The company has the right to the exclusive occupancy of the land condemned when it is necessary to the proper operation of the road, and the presumption is that it needs and intends to use all it takes, leaving nothing of appreciable value to the owner. *Clayton v. Ry.* 67 Iowa, 238; *Hollingsworth v. Ry.* 63 Ib., 443. The company's remedy in such cases is to condemn no more than it needs.

4. Opinion
of witness.

IV. It is insisted that the court erred in permitting witnesses to state to what extent, in their judgment, the land had been damaged.

Opinions as to the amount of indemnity one should receive for an injury are not admissible, except in cases where the amount is capable of being reached by computation. *Rail-*

*way v. Hames*, 47 Ark., 497. The class of cases under consideration comes within the exception. Opinions are confessedly admissible to prove the value of the land before and after the construction of the railway; but the extent of the injury is the difference between these values, and that difference is the result reached by the answer to the single question, what damage has the land sustained? It is only a question whether the witness or the jury shall perform the mental process of substraction, and that can be of no judicial importance so long as the witness is required to show, in advance, such knowledge of the facts as to satisfy the judge that his opinion may be of value, and may be made to disclose the facts upon which it is based. *Kirby v. Ry.*, 44 Ark., 103; Lewis on Eminent Domain, sec. 436, and cases cited.

V. It is argued that the judgment should be reversed because the land-owner's counsel made an effort to put in evidence an offer of compromise which he stated had been made by the company, following it with a statement in the jury's hearing of the details of the time, manner and amount of the offer. The appellant does not appear to have made any attempt to check or prevent the objectionable statement, nor does it appear that it would have been impracticable to do so. The court, without waiting to be moved, rejected the offer, and the company made its first effort to repair the supposed injury by moving for a new trial on that ground after the issue was determined against it. It was its duty to act promptly notwithstanding the statement made in connection with the offer of the incompetent evidence may have been a reprehensible effort to influence the jury illegally; and if it could have prevented it and did not, it is not in an attitude to complain. *Railway v. Cavaness*, 48 Ark., 106; *Green v. State*, 38 Ark., 319. The court was not asked to make any

5. PRACTICE:
Misconduct
of counsel.

ruling in that behalf and cannot be said to have committed error. Judgments are reversed not as a punishment to the prevailing party, but because of error prejudicial to the opposing party in regard to which he himself is not at fault.

6. New trials. VI. It is argued that the damages are excessive. But the verdict is sustained by competent proof and was satisfactory to the circuit judge, whose province it was to check the jury if they went beyond the bounds of reason, by granting a new trial or causing the land-owner to remit the excess of the award notwithstanding the verdict might technically be justified by evidence. The same principles obtain in these statutory proceedings as in common law suits in regard to new trials. When the verdict is sustained by competent evidence we do not interfere.

Other objections to the judgment are urged, but they fall within rules well settled by this court, or are clearly not prejudicial and need not be discussed.

Affirm.