St. Louis, Iron Mountain & Southern Railway Company
*v.* Ayres.

Opinion delivered January 27, 1900.

1. RAILROAD TRAIN—PRESUMPTION OF NEGLIGENCE.—Proof that an engine was in the hands of a competent engineer at the time that a fire was started from its escaping cinders will not overcome the statutory presumption of negligence arising from proof that the fire originated from the engine. (Page 373.)

2. DAMAGES—DESTRUCTION OF GROWING TREES.—The measure of damages for the destruction of growing trees is the difference in the value of the land before and after the trees were destroyed. (Page 374.)

3. SAME—MITIGATION.—In an action to recover damages done by fire to land held for rental purposes, it is competent for the defendant to show that the plaintiff could have rented his land after the fire for agricultural purposes, and thus have lessened the damages. (Page 375 )

Appeal from Scott Circuit Court.

EDGAR E. BRYANT, Judge.

*Dodge & Johnson*, for appellant.

Where the question involved is the amount of damage occasioned by a particular act, witnesses, whether expert or not, can not give their opinion, but are confined to the relation of facts: Rogers, Exp. Tes. § 154; 66 Vt. 343; 73 Ga. 705; 47 Ark. 497; 25 Neb. 138–145; 23 Wend. 433; 66 Barb. 604; 43 N. Y. 279; 8 Hun, 358; 71 Ind. 271; 58 Ga. 107; 11 La. Ann. 178; 5 Ohio St. 568; 21 Kas. 248; 18 Ia. 244; 51 Ark. 328; 59 Ark. 110; 21 S. W. 81; 21 S. W. 607; 31 S. W. 412; 67 Tex. 241; 85 Tex. 593; 14 Neb. 463; S. C. 16 N. W. 747; 17 Wend. 161; 1 Suth. Dam. 94. The land being valuable solely for the timber upon it, the value of the timber was the correct measure of damages. 17 L. R. A. 426. Appellant discharged its duty as to furnishing good engines, etc. 49 Ark. 540.

*Winchester & Martin*, for appellee.

To rebut the presumption of negligence, appellant must show, not only the good condition, but the careful management of the engines. 59 Ark. 105; 49 Ark. 542; 13 Am. & Eng. R. Cas. 460; 30 Wis. 110; 31 Md. 251; 35 La. Ann. 251; 57 Ark. 418. Appellant's exception to the evidence of W. M. Ayres, being too general, is ineffectual. 58 Ark. 373, 374; 62 Ark. 208. Witness had a right to state his opinion as to the amount of the damage. 44 Ark. 103; 57 Ark. 512; 51 Ark. 324; 42 Am. Rep. 707. Since appellant did not urge the objection to this evidence in its motion for a new trial, it is considered waived. 33 Ark. 107; 40 Ark. 114; 27 Ark. 374; 55 Ark. 376; *ib.* 547; 46 Ark. 17; 62 Ark. 543. The loss of rental of the meadow is the measure of damage to it. 47 Kas. 630. The measure of damage to the forest land was the difference in the value of the lands with the trees and without them. 57 Ark. 387; 17 L. R. A. 426; 18 N. H. 456; 33 Me. 457; 6 Cal. 162; 18 Mo. App. 540.

HUGHES, J. The complaint charged that plaintiff owned certain lands in Sebastian county; that the railroad ran through

the same; that on July 27th, and on August 1st and 3d, by
reason of the defective construction, handling, managing and
operation of an engine, sparks, fire and cinders were thrown upon
the said land, setting it afire and causing it to destroy 600 acres
of meadow and growing grass, valued at $300; 715 fence posts,
valued at $14; 109 cedar posts, valued at $21.80; 18 fence
posts, valued at $2.70, and 65 oak trees, valued at $34. Judg-
ment was prayed for $430, with interest. The answer denied
explicitly each allegation of the complaint.

After the evidence was in, and instructions had been given
them by the court, the jury rendered a verdict for the plaintiff
in the sum of $322.50. A motion for a new trial was filed,
which was overruled, to which exceptions were saved, and the
case appealed to this court.

The third instruction given by the court over the objection
of the defendant, and to the giving of which he excepted, is as
follows: "Now, conceding that defendant has shown in this
case that the engine was properly constructed, and with the best
appliances to prevent the escape of fire, there is no showing of
what care was used in the management and handling of the
alleged trains; and so the court tells you that if a fire was
started by fire escaping from an engine of defendant that set
fire to grass on the right of way, and that such fire spread to
and burned plaintiff's property, the court tells you that defend-
ant is presumed to have been negligent, and is liable for the
damage done. The burden of proving that the fire was set out
by the defendant's engine is on the plaintiff to show by a fair
preponderance of the evidence."

The appellant objected to the statement in this instruction
"that there was no showing of what care was used in the
management and handling of the alleged trains." The appel-
lant contends that, when he had shown that the engineer who
handled the train that set out the fire was competent and skil-
ful, this ought to have been considered by the jury in de-
termining whether proper care was used in handling the train
on the occasion when the fire was set out, and that the court
therefore erred in the above statement of the instruction. We
cannot agree with the learned counsel for the appellant in this.

If this were the law, all a defendant would have to do to exonerate itself from the charge of negligence in a case of this kind would be to prove that its engineer was skilful and competent, and thus change the burden of proof to the plaintiff. From the setting out of the fire the law presumes negligence, and to overcome this presumption the defendant must show due care at the time in the management and handling of the engine. It is not sufficient merely to show that the engineer was competent and skilful, for competent and skilful men are sometimes negligent. This action is to recover damages caused by an injury by an alleged specific act of negligence, and if the engineer was negligent on this occasion, and his negligence caused the injury, it matters not how skilful and competent he was generally, the company is liable. The presumption is that he was negligent. It was his privilege to overcome this presumption by showing that on the occasion of setting out the fire such care was used as would overcome the presumption of negligence. *Railway Co.* v. *Mitchell*, 57 Ark. 418; *Railway Co.* v. *Jones*, 59 Ark. 105; *Tilley* v. *St. Louis & S. F. Ry. Co.*, 49 Ark. 540.

As to the measure of damages for the destruction of the trees on the land by reason of the fire, we think the fifth instruction by the court announced the proper measure; that is, that the measure was the difference between the value of the land with the trees unburned and with the trees burned. This means the market value of the land. The trees were a part of the freehold, and could not be replaced in a short time, and only at considerable expense. *Coykendall* v. *Denkee*, 13 Hun, 260. The destruction of the trees was a depreciation in the value of the land of which they were part, and it was competent to show by evidence what the land was worth before the destruction of the trees, and what it was worth after they were destroyed; and, this being shown, the *quantum* of damage was a matter of computation for the jury. 3 Sutherland on Damages, 612; *Coykendall* v. *Denkee*, 13 Hun, 260; *Railway Co.* v. *Combs*, 51 Ark. 324.

It has been held that in such a case a witness, having stated the value before and after the injury to the land. may

give his opinion as to the *quantum* of damages, as it is a mere matter of calculation. *Railway Co.* v. *Combs,* 51 Ark. 324. But the general rule is well settled that a witness cannot give his opinion merely as to the amount of damages sustained by a wrongful act. He must state facts, and it is the province of a jury, upon the facts in evidence, to find the amount of the damages. 3 Sedgwick on Damages, § 1293, and cases cited; *Dickerson* v. *Johnson,* 24 Ark. 251; *Joyce* v. *State,* 62 Ark. 510; *Little Rock, M. R. & T. R. R. Co.* v. *Hayes,* 45 Ark. 497. It is competent for a witness to give his opinion of value, after stating his means of knowledge. 3 Sedgwick on Damages, § 1294, and cases cited; *L. R. Junction Ry. Co.* v. *Woodruff,* 49 Ark. 381; *Railway Co.* v. *Lyman,* 57 Ark. 512; *St. Louis, Ark. & Tex. R. R. Co.* v. *Anderson,* 39 Ark. 167.

On cross-examination of witness Wm. Smith, he was asked by defendant's counsel: Q. What was the rental value of that land per acre after the fire? I don't mean for hay, but for any purpose. What was its rental value for any purpose? Q. What was it worth per acre after the fire? On cross-examination of B. Luce, he was asked by defendant's counsel: Q. What was the rental value of these prairie lands for other agricultural purposes? These questions were overruled, and Luce was asked as to the rental value of the land per acre, and stated that it was $25 per acre. He was asked what was the rental value of the lands after the fire? This question was ruled out. The appellant excepted to the ruling out of these questions. It is evident that these questions as to the rental value of the land after the fire were based upon the theory of avoidable consequences. The land was not occupied by the plaintiff. It does not appear that he had stock upon it, or used it for a pasture himself, but it does appear that he held it for the purpose of renting, and deriving an income from the rents only. Therefore the question arises, if he could derive an income from renting it for agricultural purposes after the fire, was it not his duty to use reasonable efforts to do so, and by receipt of the rents to lessen the damage which would otherwise accrue? We think it was clearly his duty to use reasonable effort to lessen the damage that might

accrue from the fire. He ought not by his negligence to have exaggerated the damages. We think this rule well established. The defendant was liable to pay all damages, if injury was caused by its negligence, which the plaintiff sustained by reason of such negligence, but the damages must have been the immediate result of such negligence, and not have been caused or aggravated by the plaintiff's own negligence. *Milton* v. *Hudson River Steamboat Co.*, 37 N. Y. Court of Appeals, 215; *Hogle* v. *N. Y. C. & H. R. R. Co.*, 28 Hun, 364.

In *Waters* v. *Brown*, 44 Mo. 303, the court, by Judge Wagner, said: "If a party can, by a trifling expense or by reasonable exertions, avert the damages caused by the wrongful act of another, it is his duty to do so; and if he fails in performing the full measure of his duty in this regard, he will be only entitled to recover such damages as were not the result of his negligence or omission. He can charge the delinquent party only for such damages as, by reasonable endeavors and expense, he could not prevent." This was a case of damage caused by the wilful burning of a prairie. "The action sounds purely in damages, and the plaintiff will be entitled to recover whatever amount of damages he may show has been sustained, and which he could not avert by reasonable exertions."

It was competent for the defendant to show, if it could, that the plaintiff could have rented his land after the fire for agricultural purposes, and thus have lessened the damages. But the court, by refusing to permit the question asked to be answered, cut off all effort in this direction. This was error for which the judgment is reversed, and the cause is remanded for a new trial.

WOOD, J., did not participate in the consideration of this case.

BUNN, C. J., dissented as to the reasoning, but concurred in the judgment.