MISSOURI & NORTH ARKANSAS RAILROAD COMPANY *v.* PHILLIPS.

Opinion delivered December 12, 1910.

1. RAILROAD—LIABILITY FOR FIRE—EVIDENCE.—Proof that the fire which burned an orchard was discovered shortly after a train had passed, and that the wind was blowing from the direction of the railroad track, where the origin of the fire is not otherwise accounted for, warrants an inference that the fire escaped from the engine. (Page 56.)

2. SAME—DESTRUCTION OF ORCHARD BY FIRE—EVIDENCE.—In an action to recover· damages to an orchard caused by a fire it is competent to prove by witnesses the value of the growing fruit trees which were destroyed, as an element in determining the value of the land. (Page 56.)

3. SAME—DAMAGE TO ORCHARD BY FIRE—MEASURE.—An instruction, in an action for destruction of an orchard by fire, that the measure of damages is "the difference between the market value of the land for the purposes to which it was devoted just preceeding the fire and its market value for any purpose to which it may be reasonably

devoted in the near future after it was burned over" correctly states
the law.  (Page 56.)

4. SAME—DESTRUCTION OF ORCHARD BY FIRE—INSTRUCTION.—It was not
error, in an action for burning an orchard, to refuse to declare
that the number of trees injured or burned should be considered
only for the purpose of determining the number of acres of land
affected by the fire, since they could be considered for the purpose
of determining the extent of the injury to the lands.  (Page 56.)

Appeal from Carroll Circuit Court, Eastern District; *J. S.
Maples,* Judge; affirmed.

*W. B. Smith, J. Merrick Moore* and *H. M. Trieber,* for
appellant.

For the destruction of mature fruit trees the only proper
measure of damages, in the very nature of such trees, is the
depreciation in value of the land of which they form a part.
132 N. Y. 199; 54 Mo. App. 223; 72 Cal. 75; 13 Pac. 401;
102 Ia. 286, 71 N. W. 409; 110 N. W. 657; 76 Neb. 545, 107
N. W. 757; 95 S. W. 600; 67 Ark. 371.

*Festus O. Butt,* for appellees.

1. The evidence was sufficient to sustain the verdict. The
orchard was discovered to be on fire shortly after the train
passed, and there was no other evidence to explain the origin
of the fire.    51 Ark. 324; 77 Ark. 434; 59 Ark. 317; 49
Ark. 535.

2. It was a question for the jury, under the evidence and
the instructions of the court, to determine what was the differ-
ence in the market value before and after the damage.    89
Ark. 418.

McCULLOCH, C. J.  Plaintiffs (appellees) instituted this ac-
tion against the Missouri & North Arkansas Railroad Company
to recover damages done to their lands by reason of fire set
out from a locomotive.  They own a tract of land adjoining
the railroad right-of-way, and the fire destroyed a peach orchard
growing on the land.  Fire was discovered in the grass growing
on the right-of-way and on plaintiff's land shortly after a train
had passed.  The wind was blowing in the direction of the land
from the right-of-way, and the origin of the fire is not explained
in any other way.  Plaintiffs recovered judgment for their dam-
ages fixed by the jury, and the defendant appealed.

It is insisted in the first place that the evidence is not sufficient to sustain the finding that the fire was communicated from the engine. The fire was first discovered shortly after a train had. passed, the wind was blowing from the direction of the railroad track, and the origin of the fire is not accounted for in any other way. These circumstances warranted an inference that the fire escaped from the engine, and sustained the finding of the jury. *Railway Co.* v. *Dodd,* 59 Ark. 317; *St. Louis, I. M. & S. Ry. Co.* v. *Coombs,* 76 Ark. 132; *St. Louis, I. M. & S. Ry. Co.* v. *Dawson,* 77 Ark. 434.

It is next contended that the court erred in allowing witnesses introduced by plaintiffs to testify as to the value of the fruit trees. The court in an instruction proposed by defendant's counsel gave to the jury, as the measure of damages, "the difference between the market value of the land for the purposes to which it was devoted just preceding the fire and its market value for any purpose to which it may be reasonably devoted in the near future after it was burned over." It was competent to prove by witnesses the value of the growing fruit trees which were destroyed, for the jury to consider in determining the injury done to the land. *St. Louis & S. F. Rd. Co.* v. *Shore,* 89 Ark. 418. The witnesses who testified were asked to state the value of the land, and they stated the value of the trees as an element in determining the value of the land.

Another error of the court is assigned in modifying one of the instructions asked by defendant, by striking out the following after the words hereinbefore quoted as to the measure of damages: "In other words, it is the depreciation in value, per acre, of the market value of the land by reason of the destruction or injury by fire of the fruit trees thereon. In determining this depreciation in value, if any you find, you will consider the number of trees injured or · burned only for the purpose of determining the number of acres of plaintiff's land affected or injured by the fire."

The instruction on the measure of damages was complete without the omitted words, and there was no prejudice in the modification, even though the part omitted had contained a correct statement of law. It was, however, not correct to declare that the number of trees injured or burned should be considered

only for the purpose of determining the number of acres of land affected by the fire. That fact, as we have already stated, could be considered for the purpose of determining the extent of the injury to the lands, and it would have been error to give an instruction to the contrary.

Judgment affirmed.