## Louisville & Nashville Railroad Company, et al. v. Hiram Williams and Jane Williams.

### (Decided May 11, 1920.)

### Appeal from Letcher Circuit Court.

Railroads—Action Against by Landowners for Taking Right of Way—Damages—Private Passway.—In an action by landowners against a railroad for damages for taking and appropriating their lands for a right of way, and for damages to their other lands incident to the taking of the right of way, plaintiffs are entitled to recover for the obstruction and destruction of a private passway used by plaintiffs in connection with their lands even though part of the right of way lies upon the lands of another, if the plaintiffs had a right to the use thereof.

BENJAMIN D. WARFIELD and MORGAN & HARVIS for appellants.

DAVID HAYS and WILLIAM G. DEERING for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

In February, 1919, this case, under a somewhat different style, was before this court on a prayer for specific performance of an option contract for a right of way, and an opinion was delivered which contains a complete statement of the facts as well as the law applicable to this case, in large part. See 183 Ky. 343.

On the same pleadings the case on its return to the lower court was tried before a jury on a plea for damages, made by Williams and his wife against the two railroad companies, for taking and appropriating 1.4 acres of their land as right of way and for damages incidental thereto. The jury returned a verdict in favor of Williams and his wife for the sum of $2,800.00 direct damages. The railroad companies are prosecuting this appeal and ask a reversal upon three grounds:

(1)    Appellees were allowed to recover damages for the obstruction of a private passway, which was not located entirely upon their own lands, but partly upon their lands and partly upon the lands of another, while "the obstruction complained of," if there was an obstruction, was near the end of the passway and on the lands of a third person.

(2)    The verdict is grossly excessive.

(3)    The court gave to the jury erroneous instructions.

It will be seen, however, that the chief, if not the only error complained of by appellants is the failure of the trial court to admonish the jury at the conclusion of all the testimony, not to consider evidence offered by appellees as to loss suffered by them by reason of the obstruction of the private passway.

This litigation started almost ten years ago. In 1910 the railroad companies obtained from one of the appellees, Hiram Williams, a written option of a right to appropriate a strip of land, 100 feet wide through his farm, for the purpose of building a railroad. Mrs. Williams did not sign this contract although she was the owner of an undivided one-half interest in the farm. The railroad companies started construction work to which Williams objected, and was threatening to eject the workmen, when the railroad companies instituted an action praying an injunction against Williams staying him from interfering with their construction work. There was an injunction granted, but it was shortly thereafter dissolved on motion of Williams; in the meantime the railroad companies had instituted another action against Williams for specific performance of his option contract, and this latter action is the one in which the opinion, *supra,* was rendered. While these two actions were pending, Mrs. Williams instituted another action in her separate name, claiming to be the exclusive owner of the tract of land and seeking damages against the railroad

companies for trespassing upon her property and appropriating a portion thereof. By special demurrer the question of defect of parties plaintiff was raised, and the court required Mrs. Williams to make her husband a party, which was done. In this action Mrs. Williams and her husband averred that the railroad companies had appropriated a strip of their land as a right of way and had entered thereon and constructed a railroad, which construction had in part filled up the channel of the Kentucky river which ran immediately in front of their residence, thereby flooding their farm at intervals and washing away their lands; and further that the embankment of the recently constructed railroad obstructed and rendered of no practical use a certain passway used by plaintiffs in going to and from their home and farm across the river to their other lands, as well as to the public highway leading to the county seat. The railroad companies admitted that the Williams were the owners of the land in question but they denied the trespass as well as all damages resulting therefrom, and relied upon their right under the option given by Hiram Williams as a justification for entering upon the lands. At the trial the railroad companies offered to confess judgment for $50.00 for appropriating the .14 acre of land taken and used by them as a right of way, and $1,200.00 for damages to the adjacent property, or a total of $1,250.00, and tendered said sum to the plaintiffs for the taking of said property and for all damages incident thereto. This the appellees rejected.

Appellees alleged ownership in themselves of the lands in controversy and this was admitted by the railroad companies. Appellees also alleged that they had used and enjoyed a passway from their home and farm across the river to their other lands and to the highway, and this was not controverted. In the taking of proof, appellees started in to establish their title, but appellants, to save time, admitted that the plaintiffs were the owners of the lands and this was noted of record. The first witness introduced, after telling about the obstruction of the channel of the river by the embankment of the railroad, told also of the obstruction of the passway by the railroad embankment. No objection was made to this evidence by appellants. Other witnesses gave similar evidence without objection, but at the conclusion of all the evidence the appellants moved for a peremptory instruction in their favor as to the damages for

"the alleged destruction of the passway in controversy" upon two grounds: (1) because the appellees had not shown that they owned the passway; (2) because the pleading did not make any claim for damages upon that ground. This motion was overruled by the court, and we think properly so, because in the first place it was not necessary for appellees to have alleged or shown title in themselves to the passway in order to entitle them to prove that it had been obstructed by the railroad companies as an element of damages. Whether they had a deed to it or not made little difference if they had the right to use it. Furthermore, it was not necessary to set forth in the pleadings that damages would be claimed for the obstruction of a passway used in connection with the lands, because that is a mere incident to the enjoyment of the premises, and evidence of the obstruction or destruction of the passway was admissible under a general averment of incidental damages to the land from the taking of the strip for right of way. The second ground relied upon by appellants for peremptory instructions was equally without merit. The pleadings do sustain the claim for appellees to damages on account of the passway even by specific averment, but had there been no such averment, appellees could have shown that they suffered damages by reason of the obstruction of the passway which was appurtenant to their freehold.

The other two grounds urged for reversal are rested upon the one we have just disposed of, and the first one being without merit, the other two are rendered unavailing, for it is practically admitted by appellants that the damages are not excessive if the obstruction to the right of way could have properly been considered; and further that the instructions are not erroneous if the evidence concerning the obstruction of the passway was properly admitted. The right of appellees to recover not only for taking of the 1.4 acres of land as a right of way but for all damages to the remainder of the farm, which directly flowed from such taking, was fully recognized and established by the opinion on the first appeal.

Judgment is affirmed.