## Turner v. Louisville & Nashville Railroad Company.

(Decided November 30, 1920.)

### Appeal from Harlan Circuit Court.

1. Railroads—Damages for Loss of Passway—Eminent Domain.— Damages cannot be recovered of a railroad company by the owner of land through which its railroad runs, for the loss of a private passway, formerly used by him, situated on its right of way, and which it destroyed in constructing on the right of way, a roadbed for its railroad track, where such right of way including the ground occupied by the passway, was acquired by the railroad company through its condemnation as authorized by law and the payment by it to the land owner of the compensation allowed him, by way of damages in the condemnation proceedings, for the taking of the land.

2. Railroads—Restoration of Private Road—Eminent Domain.— While Ky. Stats., section 768, subsec. 5, in authorizing a railroad company to construct its road upon or across any private or

plank road, highway, etc., requires it to restore the private road, plank road or highway to its "former condition as near as may be," this provision as to such restoration does not apply, where the land occupied by the private or other road upon or across which the railroad is constructed, is acquired by the railroad company as a right of way for its railroad by its purchase from the owner, whether by voluntary sale or by condemnation of same. In such state of case the possession of the railroad company becomes exclusive.

3. Railroads—Damages for Loss of Passway—Pleading.—As in this action by the appellant seeking the recovery of damages against the appellee for the destruction by it of a passway claimed by the former as an easement, the answer of the appellee properly pleaded its acquisition of a right of way through appellant's land for its railroad, which included the passway, by its condemnation and the payment to appellant by appellee of the damages thereby awarded him, the action of the trial court in holding this a good defense and in overruling the demurrer to the answer, was not error.

G. G. RAWLINGS for appellant.

WM. LOWE, J. L. BOWLING and BENJAMIN D. WARFIELD for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, John Turner, brought this action against the appellee, Louisville & Nashville Railroad Company, in the Harlan circuit court seeking the recovery of damages for the alleged destruction by it of a private passway claimed to have been used by him as a means of leaving and reaching his land and home; it being alleged in the petition that the passway was destroyed by appellee in constructing and grading its roadbed and right of way where it runs through his land. It appears from other averments of the petition, and is admitted by appellee, that the railroad referred to was originally constructed, owned and operated by the Wasioto and Black Mountain Railroad Company, but was sold and conveyed by it to the Kentucky and Virginia Railroad Company, under which corporate name it is now operated, though owned and controlled by the appellee.

The answer of the appellee, after traversing the averments of the petition respecting appellant's right to the use of the passway and to the damages claimed, in a second paragraph, alleged that its right of way, 100 feet in width through appellant's land, was obtained by the

Wasioto and Black Mountain Railroad Company, by and through its condemnation under proceedings had in the Harlan county court and by the judgment of that court, as permitted by the state Constitution, sections 13-242, and provided by Kentucky Statutes, sections 835, 836, 837, 838, 839, 840; and also by that company's payment to appellant of the damages allowed him by the commissioners and judgment of the county court in such proceedings; all of which, in addition to being properly pleaded, was fully set forth in a deed, filed with and as a part of the answer, from a commissioner of the court's appointment, conveying the right of way through appellant's land in question to the Wasioto and Black Mountain Railroad Company.

It was also alleged in the answer that the passway, for the alleged destruction of which appellant sues in this case, was and is a part of and included in the ground constituting the right of way through the land of appellant acquired by appellee's grantor, the Wasioto and Black Mountain Railroad Company, through its condemnation in the proceedings referred to, and consequent conveyance by the commissioners' deed executed to that company pursuant to the judgment of the Harlan county court; that after thus acquiring such right of way upon and through appellant's land, the Wasioto and Black Mountain Railroad Company constructed thereon its railroad bed and upon same laid its track for the operation of its trains; and if, in so doing, it obstructed or destroyed any passway formerly used by appellant, or such passway was destroyed by any repairing of the roadbed or track by its successors in title, it or they had the right to so destroy it because of the inclusion of the passway in the right of way acquired for the railroad by its condemnation, the compensation adjudged and paid appellant therefor, and its conveyance by the deed referred to.

Appellant filed a general demurrer to the answer, which the trial court overruled; and, upon his refusal to plead further, the petition was dismissed. Electing to stand upon the demurrer, he has appealed from the judgment conforming to the rulings complained of.

As the facts pleaded by way of defense in the second paragraph of the appellee's answer are admitted by the appellant's demurrer, we must accept their truth; therefore, the question to be determined is, do they constitute such a defense as should defeat the recovery sought by

the appellant? Manifestly, if, as the facts alleged clearly show, the passway in question was a part of the right of way through appellant's land condemned and conveyed for the use of the railroad, the presumption must be indulged that he was compensated for the taking of it by the Wasioto and Black Mountain Railroad Company's admitted payment to him of the damages awarded him by the judgment of the Harlan county court. Moreover, as the passway was thus acquired and paid for, it necessarily followed that the Wasioto and Black Mountain Railroad Company or its successors had the right to appropriate it to such use in the construction or repair of the railroad bed or in the operation of the railroad as they deemed proper, although the effect of their so doing was to destroy the passway or otherwise deprive appellant of its use.

It is, however, insisted for appellant that notwithstanding the condemnation of his land, including the passway, as a right of way for the Wasioto and Black Mountain Railroad Company's railroad and the compensation paid him therefor, it nevertheless was and is the duty of that corporation in constructing its roadbed and tracks to preserve the passway on the right of way as an easement to him; and likewise the duty of its successors in title, and present owners of the railroad, in maintaining and making repairs on the railroad bed and tracks occupying the right of way, to restore the passway on the right of way for appellant's use. In support of this contention appellant relies on Kentucky Statutes, section 768, subsection 5, which confers upon a railroad company power ''To construct its road upon or across any water course, private or plank road, highway, street, lane, or alley and across any railroad or canal; but the corporation shall restore the water course, private or plank road, highway, street, lane, alley, railroad or canal to its former conditions as near as may be . . .''

We think it clear that so much of the section, *supra,* as relates to the restoration of a private road or passway when a railroad is constructed on or across it, can have no application to a private passway upon or across which a railroad is constructed, where the passway and the land it occupies are acquired by the railroad company by the purchase of both land and passway from the owner, whether by voluntary sale or by condemnation of the same. The above provision of the statute doubtless would apply, however, where the passway on or across

which the railroad is constructed is an easement in favor of one not the owner of the land over which it runs, and who has not been compensated for its loss.

Although the appellant owned the fee in this land when the railroad right of way through it was obtained through the proceedings by which it was condemned, and prior to its condemnation could have made any use of it he saw proper to make, upon the happening of that event his right to the use of a passway over it ceased, as did any other former use he may have made of it. Besides, the allegation of the petition that the passway was destroyed by the construction of the railroad bed and because of its occupation of it, amounts to an admission that its destruction was necessary and unavoidable. One cannot own an easement in his own land, for his ownership of the fee includes every appurtenant right and use incident to such title. Our meaning is well expressed in the following excerpt taken from 14 Cyc. 1188:

"An owner of land cannot have an easement in his own estate in fee, for the plain and obvious reason that in having the *jus disponendi*—the full and unlimited right and power to make any and every possible use of the land—all subordinate and inferior derivative rights are necessarily merged and lost in the higher right.

"Accordingly when the owner of an estate enjoys an easement over that of another and acquires title to the latter, the easement is thereby extinguished." Robb v. Hannah, 12 R. 361.

We do not recall, nor has appellant's counsel referred us to, any case decided in this jurisdiction involving the precise question presented by this appeal, but we find that the conclusion at which we have arrived regarding it is supported by numerous cases decided by courts of last resort in other states. Among the cases referred to are the following: Jackson v. Rutland & Burlington R. R. Co., 25 Vermont 159; Proprietors Canals & Locks v. Nashua & Lowell R. R. Co., 104 Mass. 1-9; Presby v. Old Colony & Newport R. R. Co., 103 Mass. 1; Cedar Rapids, etc., R. R. Co. v. Raymond, 37 Minn. 204; Fayetteville R. R. Co. v. Combs, 51 Ark. 324; New York & N. Eng. R. R. Co. v. Comstock, 60 Conn. 200.

The opinion of the case last cited, New York & N. Eng. R. R. Co. v. Comstock, contains an elaborate discussion of the doctrine applicable to the instant case, as well as an exhaustive review of the authorities bearing on it. Without undertaking to quote from this case or

any other of the cases, *supra,* it may be said that the principles they announce are aptly epitomized in the syllabus of the opinion in New York & N. Eng. R. R. Co. v. Comstock, as follows:

(1) "The rights of the owner of land condemned for railroad purposes differ in some important respects from the rights retained by the owner of land taken for a highway. The possession of the railroad company is necessarily exclusive.

(2) "The power to exclude every one from the railroad limits must be left, as a matter of law, absolutely with the officers of the company who are immediately responsible, subject only to such state supervision as may be deemed expedient.

(3) "It does not follow, because there were long used farm roads across the land condemned, that these crossings were to be considered as not included in the condemnation of the land."

The application of the above principles to the facts of this case, as shown by the pleadings, will leave no doubt of the correctness of the action of the circuit court in overruling the demurrer to the answer. In our opinion the conclusion cannot be escaped that appellee, through the Wasioto and Black Mountain Railroad Company, acquired by the condemnation of the right of way for its railroad over appellant's land, the same title to the passway, for the destruction of which he sues, that it acquired to the right of way. Hence the judgment is affirmed.