## Lexington & Eastern Railway Company v. Williams, et al.

(Decided June 8, 1923.)

### Appeal from Letcher Circuit Court.

Eminent Domain—Award Held to Contemplate Use of Landowner of New Passway Constructed by Railroad Company.— Where the witnesses as to damages caused by the construction of a railway across plaintiffs' land had apparently compared the value of the land with the original passway thereon with its value in connection with a passway constructed by the railway company, in place of the original passway which the plaintiffs were then using, the award of damages by the jury contemplated the right of plaintiffs to use the new passway, so that a provision in the judgment entitling them to the use thereof was not erroneous as giving to plaintiffs property for which they had already been paid.

B. D. WARFIELD and MORGAN & HARVIE for appellant.

DAVID HAYS, R. MONROE FIELDS and WILLIAM G. DEARING for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

This is the third time this controversy, in one form or another, has been in this court.

In August, 1910, and prior thereto, appellees, Hiram and Jane Williams, husband and wife, were the joint owners of a tract of land in Letcher county lying on both sides of the North fork of the Kentucky river. On the 31st of August, 1910, Hiram Williams entered into a writ-

ten contract with the L. & E. Railway Company, by which he agreed to convey to it a right-of-way through the farm for an agreed consideration per acre for the hill land taken by it as well as for the bottom land taken, and the same to be in lieu of all claims for damages.

His wife, however, did not sign or join in this contract, and thereafter when the railway company had surveyed and fixed its right-of-way the demand was made upon the parties by it for a conveyance, and this demand was accompanied by a tender of the agreed price. The defendant refused to accept the tender or execute the deed, and the railway company proceeded to construct its line through the farm. Suit was then instituted by the company wherein it sought an injunction against the defendants to prevent interference with the construction of the road, and likewise sought a specific performance of the contract. A temporary restraining order was granted which remained in force for some weeks but was then dissolved by the circuit judge. Before its dissolution, however, the company's workmen had been busy in the construtcoin of the road, and continued such construction after the dissolution of the temporary order.

The case, however, was prepared on the branch seeking a specific performance, and upon final submission the plaintiff's petition was dismissed, and it prosecuted an appeal to this court, and the judgment was affirmed. L. & E. Railway Company v. Williams, 183 Ky. 343.

During the pendency of that action and after the construction of the railroad had been completed, or vitutally so, Williams and wife brought their separate action seeking the recovery of damages upon the basis of a condemnation suit, and in that action the plaintiffs recovered a judgment for twenty-eight hundred dollars in damages and upon appeal by the defendant company that judgment was also affirmed. L. & N. Railroad Company v. Williams, 188 Ky. 296.

Thereafter in the trial court the company tendered the amount of the judgment against it, with interest and costs, together with a deed for the right-of-way in question. But as the deed tendered did not provide appellees were to continue to have the use of a road or passway constructed by the company for their benefit during the pendency of these actions because it had in its construction work destroyed the original road or passway used by the plaintiffs, they declined to accept the amount tendered

or to execute the deed. The contention of the railroad company is that appellees have been paid in their judgment for the damages for the destruction of this road or passway and were not entitled to continue to enjoy the one so constructed by it, while appellees contended that in the judgment recovered against the company by them there was only embraced the difference between the value of the original road or passway destroyed by the company and the less desirable one erected by the company for the use of appellees.

The matter was put up to the trial court, and it directed its master commissioner to convey the right-of-way to appellant, but appended thereto the following provision, to-wit:

"It is further provided that the grantors, Jane Williams and Hiram Williams, their heirs and assigns, shall and do have the right to the free use of the roadway and crossing shown by the evidence in said action to have been built and provided for them by the grantees in lieu of the old road formerly used by the parties of the first part, but said use is not to interfere in any manner with the operation of the railroad by the grantee, their successors and assigns."

Appellant objected and excepted to the action of the court in the insertion of the above quoted stipulation and the one question on this appeal is the correctness of the same.

The contention of appellant is that the quoted provision in the instrument in effect permits appellees to retain the use of the road or passway when it has already recovered damages for the destruction of it. On the other hand, the appellees say that all they recovered in the former judgment was the difference between the value of the original passway which the railroad destroyed by its construction work and the passway which it voluntarily erected in lieu thereof in its effort to minimize the damages in the action.

The new road or passway constructed by appellant was in use at the time of the trial of the action for damages, and the evidence on that trial shows that comparisons were made by the witnesses in their evidence between the usefulness and the convenience of the original passway and the one voluntarily constructed by appellant. Appellees were at the time of the trial using the last named passway, and the evidence seems to point to the

conclusion that the witnesses were comparing the different points of usefulness and convenience of the two passways in the occupancy of the land.

We are convinced that the erection by appellant of the new road or passway, pending the action, for the use of appellees, was for the purpose of minimizing the damage to appellees by reason of the destruction of the original road or passway, and that the only damages, if any, assessed in the recovery was for the difference between the value of the original passway destroyed and the value of the new road or passway erected by appellant and then being used by appellees. The jury knew at the time of the trial that appellees were using the new road or passway, and they knew that appellant company had built that road or passway for appellees' benefit, and it is not, therefore, reasonable to assume the jury assessed damages upon the basis that the new passway was to be also closed up.

In this view of the case appellees are not by the deed given the use of a passway for which they have been once paid; they are only given the use of a passway erected specially for their benefit in lieu of a passway theretofore owned and used by them.

The case of Turner v. L. & N. Railroad Company, 189 Ky. 714, relied on by appellant, in nowise presents the same question we have here. In that case there were condemnation proceedings by the railroad company wherein the company acquired a right of way through Turner's land for its railroad, which included the passway and the damages were assessed upon the basis of the destruction of his passway. The company did not during the pendency of the condemnation proceedings in that case undertake to erect for Turner another passway in order to minimize the damages, but proceeded with the condemnation proceedings upon the basis that the passway was destroyed and no other was to be furnished. Of course, therefore, in Turner's subsequent effort to recover for the value of his passway destroyed, it was properly held that he had been paid already for it. In this case all appellees have been paid for is the difference between the value of the original road or passway destroyed by appellant and the new road or passway voluntarily constructed for their use by appellant in an effort to minimize the damages. Judgment affirmed.