MISSOURI & ARKANSAS RAILWAY COMPANY *v.* TREECE.

4-7896 194. S. W. 2d 203

Opinion delivered May 13, 1946.

*W. T. Mills, V. D. Willis* and *W. S. Walker,* for appellant.

*N. J. Henley,* for appellee.

ROBINS, J. Appellees sued appellant in the lower court for damages to their fencing, meadow and orchard in the sum of $941.40, alleged to have been caused by a fire said to have been started by the operation of appellant's locomotive. On trial to a jury the verdict was in the sum of $450 in favor of appellees. From judgment entered on the verdict appellant prosecutes this appeal.

These grounds of reversal are urged by appellant: First, that there was not sufficient evidence to establish liability, under § 11147 of Pope's Digest, of appellant for the damage done by the fire; and, second, that there was

no definite evidence to show damages in the amount fixed by the jury.

## I.

The evidence tended to establish that the meadow on appellees' farm, which adjoined the right-of-way of appellant, caught fire shortly after one of appellant's trains had passed; that the fire first caught near the right-of-way and then spread to other parts of the farm; that appellant's section hands were summoned to fight the fire; and one of them testified that a certain train (of appellant) had started the fire. No other cause of the fire was suggested. This testimony was sufficient, under the rules heretofore laid down by us, to justify a finding by the jury that the fire was caused by one of appellant's locomotives. *Missouri & North Arkansas Railroad Company* v. *Phillips*, 97 Ark. 54, 133 S. W. 191; *Missouri Pacific Railroad Company* v. *Campbell*, 206 Ark. 657, 177 S. W. 2d 174.

## II.

Appellee, Eugene Treece, testified that he looked over the land the next day after the fire; that 132 fence posts of the value of twenty cents each had been destroyed by the fire; that 22 acres, seeded in lespedeza in 1940 or 1941 and again in 1942, was burned over; that the wire in the wire fence was damaged by the fire; that fifty-nine apple trees were destroyed by the fire. Appellee, Francis Treece, testified that he had driven by the farm, which was unoccupied at the time of the fire, some time after it was burned over; that all the trees in the orchard were dead or dying; that approximately seven acres were in the orchard; that when he was home (he had been commissioned in the army in 1938 and on active duty since 1941) it was a good bearing apple orchard; that it was last sprayed in 1939. John J. Jones testified that he owned land adjoining appellees' farm and that his land was damaged by the same fire; that the apple trees on the Treece land were good thrifty trees fifteen to eighteen years old, and that many of them were killed by the fire; that the wire in the fence was damaged by the heat. Martha Acree testified that the Treece orchard was a

good one up until 1942; that all the trees were destroyed by the fire.

No witness attempted to fix any sum as representing the damage resulting to the wire in the fence, to the orchard or to the lespedeza field by reason of the fire. The evidence disclosed that for the burning of six trees in the same orchard in January, 1944, appellant had paid appellees $75 or $12.50 per tree, but it is manifest that, even if it could be said that a sum paid in compromise of a claim of this kind represented the fair value of the trees, it does not follow that this would properly fix the damage for trees destroyed in the same orchard some nine months later.

"To authorize recovery of more than nominal damages in an action in tort, facts must exist which afford a basis for measuring the plaintiff's loss with reasonable certainty and the evidence must be such that the jury may find the amount of the loss by reasonable inferences from established facts, and not by conjecture, speculation, or surmise." 15 Am. Jur., p. 796.

We have frequently held that verdicts of juries may not be based on conjecture or speculation. *St. Louis, Iron Mountain & Southern Railway Company v. Smith,* 117 Ark. 655, 174 S. W. 547; *St. Louis, Iron Mountain & Southern Railway Company v. Belcher,* 117 Ark. 638, 175 S. W. 418; *Texas Company v. Jones,* 174 Ark. 905, 298 S. W. 342.

In the case at bar there was no definite proof as to the value of the trees or of the lespedeza field at the time of destruction thereof by the fire. No witness testified as to the value of the farm before the fire and the value thereof after it had been damaged by the fire; nor did any testimony adduced furnish a guide to the jury in accordance with the rules laid down by us in these cases: *Missouri Pacific Railroad Company v. Nichols,* 170 Ark. 1194, 279 S. W. 354; *St. Louis, Iron Mountain & Southern Railway Company v. Ayers,* 67 Ark. 371, 55 S. W. 159; *Missouri & North Arkansas Railroad Company v. Phillips,* 97 Ark. 54, 133 S. W. 191; *Missouri Pacific Railroad*

*Company* v. *Benham,* 192 Ark. 35, 89 S. W. 2d 928. So, as to any part of the damages allowed by the jury, aside from the proven value of the fence posts, $26.40, the verdict was without substantial evidence to sustain it.

The lower court, therefore, erred in not granting appellant a new trial. The judgment of the lower court is accordingly reversed and the cause is remanded to the lower court with directions to grant appellant a new trial.