KYLE v. ZELLNER.

. 4-8874 220 S. W. 2d 806

Opinion delivered May 23, 1949.

*Hopson & Hopson,* for appellants.

*Warren E. Wood* and *Griffin Smith, Jr.,* for appellee.

GEORGE ROSE SMITH, J. In 1945, for a consideration of $1,000, the appellee conveyed to the appellants, Kyle and Fehr, all the "merchantable" cypress timber on eighty acres of land, together with such smaller timber as might be needed for skid poles. Appellants were given two years in which to remove the timber. The chancellor found that they cut about 280,000 feet of cypress, which they sawed into lumber and sold for $67 a thousand feet.

After the timber had been cut the appellee became dissatisfied with the transaction and brought this suit to cancel the deed and to obtain an accounting. She alleged that Kyle was her employee when the trade was made and that she relied on him to negotiate with D. Goodwin, a prospective buyer of the timber. According to the complaint Kyle falsely reported that Goodwin offered only $750 for the timber, and in reliance upon that report the appellee sold the cypress to the appellants for $1,000 without making an independent investigation of its value. It was averred that the timber was worth far more than that sum and that Kyle had violated his fiduciary duty as an agent in order to obtain it for himself and Fehr.

At the trial appellee's proof failed to sustain the allegations of her complaint. The evidence showed that Goodwin had in fact offered only $750 for the cypress and that there was no breach of any fiduciary duty on Kyle's part. The chancellor found, however, that merchantable timber was intended by the parties to mean timber at least twelve inches in diameter at the stump and that appellants had cut 180,000 feet of smaller logs to which they were not entitled under their deed. The appellee was given judgment for $1,495, being the stumpage value of this smaller timber less a set-off conceded by appellee.

At the close of the plaintiff's testimony the appellants moved unsuccessfully for a dismissal and now insist that the appellee had not then made a *prima facie* case. It is unnecessary to decide this question. We have held that our practice does not recognize a demurrer to the evidence; in equity the defendant must either submit the case upon the plaintiff's proof or proceed with his own testimony. *Kelley* v. *Northern Ohio Co.*, 210 Ark. 355, 196 S.W. 2d 235. These appellants chose to present their evidence and thus abandoned their motion to dismiss.

It will be seen that the chancellor's decision did not follow the plaintiff's theory of the case as set forth in her pleadings. The appellants contend that the proof was not fully developed as to the meaning of the term "merchantable" and that the trial court erred in adopting a theory at variance with the complaint. Doubtless the chancellor treated the pleadings as amended to conform to the proof. If the appellants desired to adduce additional evidence on this issue their remedy was by motion to reopen the case for that purpose. The trial court must first be given ;an opportunity to correct asserted errors. By taking an appeal instead of seeking to reopen the case the appellants have elected to submit the cause to us upon the record made below.

There was actually a great deal of testimony as to the meaning of "merchantable." Goodwin's offer was based on his belief that there were about 100,000 feet of

merchantable cypress on the tract, by which he meant trees at least twelve inches thick. Kyle himself was asked to define merchantable timber and replied, "All I have heard, twelve inches and up is merchantable timber." Others testified to the same effect. Although some of appellants' witnesses considered that merchantable meant any timber that could be used—even brush—this would render the word meaningless in the deed. We agree with the chancellor in holding that the term was not used idly, that its purpose was to limit the sale to trees at least twelve inches in diameter. The reference in the deed to smaller timber to be used as skid poles confirms this interpretation.

The most difficult question is whether the evidence supports the chancellor's computation of damages. The measure of damages for the destruction of young growing trees is the difference in the value of the land with and without the trees. *St. L. I. M. & S. Ry. Co.* v. *Ayres,* 67 Ark. 371, 55 S.W. 159; *Bradley Lbr. Co.* v. *Hamilton,* 117 Ark. 127, 173 S.W. 848. If that rule is applicable the decree is without supporting evidence, for there was no testimony as to land values.

The rule is evidently intended to compensate the landowner when his timber is so immature that its value in the market is materially less than its potential worth through continued growth. Even though these litigants used the word merchantable to mean twelve inch trees, it does not necessarily follow that smaller trees had value only as an investment for the future. The best indication to the contrary lies in the fact that appellants did mill these logs and sold the lumber for a uniform price of $67 a thousand feet. While the timber was not merchantable in the restricted sense in which the parties used that term, it clearly had a market value that was realized by the appellants. There is not much direct proof that appellants actually cut trees under twelve inches at the stump, the testimony being largely confined to diameter at the small end of the logs; but the inference may be drawn that smaller trees were removed. There were estimates that the tract contained about 100,000 feet of merchantable cypress; so the total of 280,000 feet

cut by appellants must have included timber not conveyed by the deed.

Both sides assail the amount of the judgment, appellants contending that it is excessive and the appellee urging on cross appeal that it is inadequate. The trial court fixed the stumpage value of the timber wrongfully cut at $10 a thousand feet. The witnesses' estimates ranged from a minimum of $4 to a maximum of $15 for merchantable timber. We cannot say that any revision by us, either upward or downward, would be better supported by the proof than is the figure adopted by the chancellor.

Affirmed.

GRIFFIN SMITH, C. J., not participating.