Arthur WILLIS et ux *v.* Robert TRIPLETT et al

CA 83-78 663 S.W.2d 201

Court of Appeals of Arkansas
Division II
Opinion delivered January 18, 1984

*Honey & Rodgers,* by: *Danny P. Rodgers,* for appellant.

*Graves & Graves,* by: *John Robert Graves,* for appellee Foster Realty Co., Inc.

*Atchley, Russell, Waldrop & Hlavinka,* for appellee Louis Hartsfield, d/b/a Columbia Exterminators, and David Hartsfield.

*Wilson, Walker & Short, P.A.,* by: *Charles M. Walker,* for appellees Robert Triplett and Janet Triplett.

LAWSON CLONINGER, Judge. The only issue on this appeal is whether the trial court was in error in awarding a directed verdict in favor of all the appellees, Robert and Janet Triplett, Foster Realty Company, Inc., and Columbia Exterminators, and against appellants, Arthur and Audria L. Willis.

Appellants filed their action for damages against appellees, alleging that appellants had purchased a house located on three half lots in Hope, Arkansas, from the Tripletts, through Foster Realty, for the sum of $24,000; that Columbia Exterminators made a report that there was no structural termite damage to the house; that the house was in fact so severely damaged by termites that the cost of repairs would exceed the worth of the house after repairs; and that as a proximate result of false and fraudulent representations

made by or chargeable to each of the appellees, appellants suffered damages. Appellants prayed for $24,000 compensatory damages and $50,000 punitive damages. Appellants' request for punitive damages was not pursued and is not argued on this appeal.

At the conclusion of appellants' case, appellees moved for a directed verdict, contending that appellants had failed to establish any ascertainable measured damages, and that the jury would be required to resort to speculation and conjecture in determining damages. We reluctantly conclude that appellees were correct in their contention.

Viewing the evidence presented in this case, it cannot be determined with certainty what measure of damages appellants were asking the trial court to employ. In *Lewis* v. *Phillips,* 223 Ark. 380, 266 S.W.2d 68 (1954), the court stated:

In *Benton Gravel Co. v. Wright,* 206 Ark. 930, 175 S.W.2d 208, we said: 'It is often difficult for a court to determine the true measure until all the evidence is in. . . . If there be different modes of measuring the damages, depending on the circumstances, the proper way is to hear the evidence, and to instruct the jury afterwards according to the nature of the case.'

The only evidence presented in this case regarding measure of damages was the testimony of appellant Arthur Willis and his witness, T. L. Watson, a self-employed contractor. Mr. Willis testified at one point that it would cost as much to make the repairs as he had spent on the house. Mr. Watson testified that when he initially looked at the house, which was one year after the purchase and approximately one year before the trial, he had estimated the cost of repairing the house at $10,800. He testified that he had reservations about the figure at that time, and that if the walls were as eaten up as they seemed to be, it would run a lot more than that. He had examined the house a second time the day before the trial and testified that he had determined that it would cost more to repair the house than it was worth. However, neither Mr. Willis nor Mr. Watson testified as to the value of the house alone at the time of sale

or at the time of trial. Appellants contend without citation of authority only that the evidence was sufficient to support a verdict for $24,000, the purchase price, plus closing costs.

The rule with respect to certainty of damages is stated in *Missouri and Arkansas Railway Co.* v. *Treece*, 210 Ark. 63, 194 S.W.2d 203 (1946). In that case the rule was stated that evidence must exist which affords a basis for measuring the plaintiff's loss with reasonable certainty and the evidence must be such that the jury may find the amount of the loss by reasonable inferences from established facts, and not by conjecture, speculation or surmise.

There simply is no evidece in the record that the jury could look to without resorting to speculation or conjecture. Even if it could be said that $24,000 is considered the fair market value of the property which appellant had purchased, there is no evidence presented to show what the house itself was worth. The trial court was correct in granting the motion for a directed verdict.

Affirmed.

COOPER and CORBIN, JJ., agree.