MEMPHIS AND LITTLE ROCK RAILROAD COMPANY V. CARLLEY.

SAME V. SAME.

1. NEGLIGENCE : *Railroads killing stock: Posting : Damages.*

The statute (act of February 3, 1875) giving double damages for stock killed by railroad trains where the stock is not posted as required by the statute, does not except from the benefit of that clause the owner who has actual notice of the killing without the posting, and the court can not except him.

2. PRACTICE : *Double damages, how to be assessed.*

It is not settled by any practice in this State whether double damages should be assessed by the jury, or only single damages, to be doubled by the court. Neither mode would be reversed in the Supreme Court.

APPEAL from *Prairie* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

*B. C. Brown* and *J. M. Rose,* for appellant:

This is an action for injuries to stock, under *act of February 3, 1875.*

1. Owners of stock injured, who have *actual* notice of the injury, can not recover double damages, where no notice is posted. No man can add to his damages by his own acts, as by waiting until the time for posting expires,

before making claim, in order to get double damages, etc. *State ex rel. Rice v. Powell, 44 Mo., 436; Wright v. M. & I. Tel. Co., 20 Iowa, 196; Thompson v. Shattuck, 2 Metc., 615; C. R. Co. v. Rogers, 24 Ind., 103; Damon v. Laker, 17 Pick., 284; Chase v. N. Y. C. R. Co., 24 Barb., 273; Middlekanf v. Smith, 1 Md., 329.*

2. Section 4 of the act leaves the amount of damages with the jury, or the court, sitting as a jury. Section 2 gives *the jury* the right to assess double damages, but it does not leave the court anything to do but to render judgment for the amount found by the jury.

*S. P. Hughes,* for appellee:

Argues on the merits, and cites the *act of February 3, 1875,* and *L. R. & F. S. R. Co. v. Payne, 33 Ark., 816,* as conclusive of this case.

SMITH, J. These were actions against the railroad company for the negligent killing of the plaintiff's live stock. In the printed argument filed for the company no question is made of its liability for the value of the animals. But it is contended that the plaintiff, having acquired actual knowledge of the killing within a week after it happened, is not entitled to double damages on account of the failure to advertise the killing.

The principal object in requiring a description of stock killed or injured by the operation of the trains undoubtedly is to apprise the owner of his loss, and to assist him in identifying his property. But the act of February 3, 1875, does not except from the operation of the clause giving double damages, for failure to post, the case of the owner who has actual notice of the injury sustained by him. And, as the courts can not legislate, they can interpolate no such exception. *Erwin v. Turner, 6 Ark., 14; State Bank v. Morris, 13 ib., 291; Pryor v. Ryburn, 16 ib., 671;*

*Macklin v. Thompson*, *17 ib.*, *17*; *Bennett v. Worthington*, *24 ib.*, *487*.

The jury, under the directions from the court, brought in a verdict for the value of the stock, and also found specially that notices had not been posted. Thereupon the court rendered judgment for double damages. It is insisted that this was error.

In *Sedgwick on the Measure of Damages*, *6th ed.*, *571*, it is said: "Where double or treble damages are given, it has been held doubtful how the double or treble value is to be arrived at; whether the jury are to find single damages to be increased by the court, or whether they are to find double the whole amount awarded by the statute. The general and better practice would seem to be for the jury to find single damages and for the court to double or treble them; although it would probably be equally good for the jury to assess the augmented damages, if it appear on the record that such assessment was in fact made."

We are not aware that there is any settled practice in this State upon this subject, although we have several statutes inflicting double or treble damages under stated circumstances. (*Gantt's Digest*, secs. *3190, 3192, 5742, 5743*, and the *act of February 3, 1875*, to prevent the firing of woods, marshes, or prairies.) We should not reverse a judgment because either mode had been followed.

Affirmed.