Laser v. Jones.

Opinion delivered January 4, 1915.

1. Trespass—destroying property—treble damages.—The right of action provided for in Kirby's Digest, § 7976, is not the common-law action for trespass upon real estate, but a statutory action is provided whereby the owner of shade trees and certain other property may recover as damages treble the value of such property against one who wilfully destroys it.

2. Trespass—destroying shade trees—damages—malice.—In an action brought under Kirby's Digest, § 7976, to recover damages for pulling up and destroying plaintiff's shade trees, on the matter of damages it is proper for the jury to consider the use which may be, and is, made of the trees, and if the trees add to the value of the land, while their destruction detracts from this value, then this difference in value is the measure of recovery, even against one who, without malice, destroys them; and if the trees are maliciously destroyed, the damages recoverable are treble this value.

Appeal from Garland Circuit Court; *Calvin T. Cotham,* Judge; affirmed.

## STATEMENT BY THE COURT.

Appellee was the owner of certain lots in the city of Hot Springs, and sued to recover treble damages on account of certain shade trees growing thereon which were pulled up, and thereby destroyed, under the direction of appellant.

While there is a sharp conflict in the evidence as to all the questions of fact involved, the evidence is legally sufficient to support the finding by the jury that appellant violated the provision of section 7976 of Kirby's Digest, by causing the shade trees to be pulled up, and thereby destroyed.

The court gave, at appellee's request, the following instruction: "If the jury believe, from a preponderance of the evidence, that the defendant actually committed the trespass complained of, or encouraged, advised, or assisted in the commission of such trespass, and that the defendant had no probable cause to believe that the land on which the trespass is alleged to have been committed was his own, then you will find for the plaintiff and assess his damages at three times the value of the trees pulled up, injured and destroyed. You may consider the difference in value of the land with the trees standing on it and the value of the land with the trees pulled up, if any has been shown by the testimony, the purpose for which the owner intended to use the trees, and their reasonable value to him for such purpose, if any has been shown by the testimony."

This instruction was duly excepted to, and the action of the court in giving it presents the only important question in the case, although other exceptions were saved at the trial and are discussed in appellant's brief.

Appellee alleged the value of the trees to be $166.00, and recovered judgment for $300.00, the jury evidently having fixed the value of the trees, under the court's instruction, at $100, and while this verdict was probably contrary to the preponderance of the evidence, there was evidence legally sufficient to support it.

*Appellant, pro se.*

The case was tried upon the wrong theory and the court erred in its instruction on the measure of damages. The proper mode of proving damages for a trespass of the nature complained of here, where the trees are not of the character usually termed timber, but are ornamental shade trees merely, is the usual mode of proving trespass to real estate. It should be shown by proving what was the reasonable market value of the real estate immediately before the trespass was committed, and the reasonable value of it after the trespass, 57 Mich. 350; 151 N. Y. 623; 85 Ark. 208; 53 N. Y. 185.

*Appellee, pro se.*

The court's instruction on the measure of damages was favorable to the appellant. He and all his witnesses testified that the land was worth as much with the trees pulled up as it would be with the trees standing, and that there was no difference in the value of the land. Appellant will not be heard to complain of an instruction that was favorable to himself. 38 Cyc. 1155; 101 Ark. 34, 37. However, the court's charge was not erroneous. Kirby's Dig., § 7976; 29 Barb. (N. Y.) 9.

SMITH, J., (after stating the facts). This action was instituted under section 7976 of Kirby's Digest, and so much of that section as is relevant here, reads as follows: "If any person shall cut down, injure, destroy, or carry away, any tree placed or growing for use or shade, or any timber, rails or wood, standing, being or growing on the land of another person, * * * in which he has no interest or right, standing or being on any land not his own, or shall wilfully break the glass, or any part of it, in any building not his own, every person so trespassing shall pay the party injured treble the value of the thing so damaged, broken, destroyed, or carried away, with costs."

(1) It is evident that the action there provided for is not the common law action of trespass upon real estate. On the contrary, a statutory action is provided whereby the owner of the shade trees and certain other property

may recover as damages treble the value of such property, against one who wilfully destroys it.

The question for decision therefore is, What is the measure of damages against one who wilfully destroys shade trees growing and being on the lands of another?

In the case of *Fogel* v. *Butler*, 96 Ark. 87, it was said that the word, value, as here employed, meant market value. The term "market value" is one which has been defined, in its various applications, in many decisions. A number of these definitions are given in Words and Phrases, under that title, and among others so given are the following:

"In estimating the market value of property, all capabilities of the property and all uses to which it may be applied are to be considered. *Seaboard Air Line Ry.* v. *Chamblin*, 60 S. E. 727, 108 Va. 42."

"The 'market value of property' is its value for any use to which it may be adapted, and in estimating its value all the uses of which the property is susceptible should be considered, and not merely the condition in which it may be at the time and the use to which it may have been put by the owner. In re *Westlake Ave.*, 82 Pac. 279, 281, 40 Wash. 144 (quoting and adopting the definition in *Seattle & M. R. Co.* v. *Murphine*, 30 Pac. 720, 4 Wash. 448)."

The statute refers to "any tree placed or growing for use or shade," and this language indicates the intention of the Legislature to permit the jury to consider the use to which any tree was adapted in assessing the damages for its destruction.

It is a matter of common knowledge that there are many trees which have but little value, except for shade; yet such trees would add greatly to the value of any property where shade was desired.

(2) It is, therefore, proper to consider the use which may be, and is, made of the tree, and if the tree, adds to the value of the land, while its destruction detracts from its value, then this difference in value is the measure of the recovery, even against one who, without

malice, destroys it. But if the tree was maliciously destroyed, the damages recoverable are treble this value.

The instruction of the court was, therefore, correct and the judgment is affirmed.

McCULLOCH, C. J., and HART, J., dissent.

### DISSENTING OPINION.

HART, J. In cases like this the plaintiff may bring his suit for destroying trees under section 7976 of Kirby's Digest and in such action recover the value of the trees, not as a part of the realty, but their intrinsic value as detached and separate therefrom, and proved in the usual mode of proving value. Or, he may bring his action for the injury to his real estate and recover its diminution in value. Each action has its appropriate rule of damages. See *Cleveland School District* v. *Great Northern Ry. Co.* (North Dakota), 126 N. W. 995, 28 L. R. A. (N. S.) 757, and case note. In that case the court said:

"Although the authorities are not uniform, the true rule is believed to be that, where property attached to realty is destroyed by fire, the plaintiff may, at his election, seek to recover its value in its detached form, or as part of the realty, in which latter event the measure would be the difference in the value of the realty before and after the fire. 13 Am. & Eng. Enc. Law, p. 540, and cases cited. The measure of damages for the destruction of fruit, shade, ornamental, or growing trees or shrubbery is the difference between the value of the land before and after they were destroyed. (Citing many authorities). In *Dwight* v. *Elmira, C. & N. R. Co.,* 132 N. Y. 199, 15 L. R. A. 612, 28 Am. St. Rep. 563, 30 N. E. 398, the court says: 'A party may be content to accept the market value of the thing taken, when he is also entitled to recover for the injury done to the freehold. But if he asserts his right to go beyond the value of thing taken or destroyed, after severance from the freehold, so as to secure compensation for the damages done to his land because of it, then the measure of damages is the differ-

ence in the value of the land before and after the injury.' "

To the same effect see *Bailey* v. *Chicago, M. & St. P. R. Co.*, 19 L. R. A. 653, where the court held that where trees, either growing or mature, are destroyed by the wrongful act of another, the owner may bring his action either for the value of the trees so destroyed, or for the injury to the real estate or his interest in it. The court further held that if the plaintiff bring the former action the proper measure of damages is the market value of the trees destroyed independent of the real estate; if he bring the latter action the measure of damages is the diminished value of the real estate.

I think the rule above announced is in accord with the principles of law announced in the case of *St. Louis, Iron Mountain & Southern Railway Co.* v. *Ayres*, 67 Ark. 371. There the court said:

"As to the measure of damages for the destruction of the trees on the land by reason of the fire, we think the fifth instruction by the court announced the proper measure; that is, that the measure was the difference between the value of the land with the trees unburned and with the trees burned. This means the market value of the land. The trees were a part of the freehold, and could not be replaced in a short time, and only at considerable expense. *Coykendall* v. *Durkee*, 13 Hun. 260. The destruction of the trees was a depreciation in the value of the land of which they were a part, and it was competent to show by evidence what the land was worth before the destruction of the trees, and what it was worth after they were destroyed; and, this being shown, the *quantum* of damage was a matter of computation for the jury. 3 Sutherland on Damages, 612; *Coykendall* v. *Durkee*, 13 Hun. 260; *Railway Company* v. *Combs*, 51 Ark. 324."

So, too, in *Fogel* v. *Butler*, 96 Ark. 87, which was an action under section 7976 *et seq.* of Kirby's Digest, we said that "value" meant market value. An examination of the facts of that case shows that the court meant

the value of the timber cut after severance from the land. It is obvious that shade trees have no value as shade trees after they are cut down.

It follows if these principles of law are correct that the instruction given by the trial court and quoted in the opinion in this case is wrong.

The Chief Justice concurs in these views.