Kroger Grocery & Baking Company *v*. Reeves.

4-7915                                                    194 S. W. 2d 876

Opinion delivered June 3, 1946.

*John M. Lofton, Jr.,* and *Owens, Ehrman & Mc-Haney,* for appellant.

*John Ferguson* and *Yingling & Yingling,* for appellee.

Holt, J.   This is an action by appellee, Helen Reeves, against Kroger Grocery & Baking Company for malicious prosecution.

She alleged in her complaint that the agent of appellant company wrongfully and maliciously caused a warrant to be issued for her arrest charging that she had given a "hot check" in the amount of $5, and that while the warrant of arrest was never served, the officer made inquiry in and about Searcy, Arkansas, as to her whereabouts and that there was much publicity incident thereto. She further alleged that the unlawful and malicious issuance of said warrant for her arrest "subjected plaintiff to great humiliation and shame, exposed her to disgrace and infamy, injured her reputation, damaged her character and caused her to suffer great and excruciating

mental anguish and physical pain to her damage in the sum of $2,900," and prayed for judgment against appellant "for the sum of $2,900, for her costs, and all proper relief."

Appellant answered with a general denial.

September 4, 1945, there was a jury trial and the following verdict returned: "We, the jury, find for the plaintiff and fix her actual damages at the sum of $............ and exemplary or punitive damages at the sum of nine hundred dollars ($900). G. H. Scott, foreman."

On September 6th thereafter, before the judgment had been entered by the court, appellant filed a motion for judgment notwithstanding the verdict alleging that the jury had found by its verdict that appellee was not entitled to recover actual damages, and under no circumstances would she be entitled to recover exemplary or punitive damages without having first found and assessed actual damages. This motion was overruled and judgment entered for appellee in the amount of $900 on the verdict, *supra*. This appeal followed.

Appellant says: "It is from this order of the court overruling appellant's motion to enter a judgment for the appellant notwithstanding the verdict of the jury that the appeal is taken, and that is the only question involved. . . . We stand solely on the ground that the trial court, when the jury found that the appellee had sustained no actual damage, should have rendered a judgment in favor of the appellant."

No motion for a new trial, so designated, was filed. We can therefore consider only errors appearing on the face of the record. In the absence of a motion for a new trial, "nothing is brought before the court for review except the pleadings, verdict and judgment; and if the pleadings and verdict authorized the judgment rendered, it will be affirmed without regard to the rulings of the court at the trial further than they appear in the judgment." *American Insurance Company of Newark, New Jersey* v. *Dutton*, 183 Ark. 595, 37 S. W. 2d 875.

The question, therefore, is: Was the judgment entered by the trial court authorized by the jury's verdict? We do not think it was.

In an action such as we have here, the rule in this state, as well as the general rule, is that there can be no recovery for exemplary damages unless actual damages are found and assessed. The general rule is stated in 15 Am. Jur., page 706, § 270, in this language: "According to the rule laid down by a majority of the decisions, actual damage must be found as a predicate for, or at least must be shown to have been done to sustain, an award of exemplary damages. In other words, according to the weight of authority, exemplary damages or punitive damages are not recoverable in the absence of proof of actual damages. The reason given for this rule is that punitive damages are mere incidents to the cause of action. . . . The position taken in many cases applying the general rule is that in order to sustain an award of punitive damages, the plaintiff must have alleged, proved, and been awarded actual damages. According to this view actual damages must be found as a predicate for the recovery of exemplary damages."

See, also, 25 C. J. S., page 713, § 118, where the same general rule in effect is announced, and in support of the text, *Burt v. Henderson,* 152 Ark. 547, 238 S. W. 626, is cited. In the *Burt v. Henderson* case, this court said: "The judgment rendered in favor of Mrs. Katie C. Henderson in the sum of $600 for punitive damages is clearly erroneous, for in no event can punitive damages be assessed where actual damages are not sustained," and in *Gordon v. McLearn,* 123 Ark. 496, 185 S. W. 803, Ann. Cas. 1918A, 482, in an action similar to the one presented here, the jury returned a verdict in favor of plaintiff for $25 compensatory damages and $1,000 punitive damages, this court said: "No punitive damages could be assessed unless some compensatory damages were also assessed, although, of course, punitive damages might largely exceed the compensatory damages."

Appellant insists that the judgment should be reversed and judgment entered here for it, or the cause

dismissed, notwithstanding the verdict of this jury, but we think appellant is not entitled to that relief. We have the right to, and do, however, treat his motion as one for a new trial, and when we have done so, it appears that there is an error upon the face of the record as the verdict of the jury does not support the judgment which was pronounced.

Appellee says that the court did not instruct the jury that "the recovery of exemplary damages is dependent upon the recovery of actual damages." Appellant's contention is to the contrary. Assuming that appellee's contention is correct, the fact remains that compensatory damages were not assessed, and without a finding that compensatory damages should be awarded and assessed, punitive damages could not be imposed.

In view of the state of this record, under the power given to this court, under the provisions of § 2786 of Pope's Digest, "when the judgment of the trial court has been reversed, to remand or dismiss the cause, and enter such judgment upon the record as it may, in its judgment, deem just," (*Jackson* v. *Carter,* 169 Ark. 1154, 278 S. W. 32), the judgment is reversed and the cause remanded for a new trial.