Manhattan Credit Co., Inc. *v.* Skirvin.

5-1502　　　　　　　　　　　311 S. W. 2d 168

Opinion delivered March 17, 1958.

*Talley & Owen* and *William L. Blair,* for appellant.

*Spencer & Spencer* and *Gentry & Gentry,* for appellee.

Paul Ward, Associate Justice. Appellee, A. V. Skirvin, sued appellant, Manhattan Credit Company, Inc. for the conversion of an automobile, and was awarded actual damages in the amount of $500 and the same

amount for punitive damages. For a reversal, appellant prosecutes this appeal.

Because of the disposition which we make of the several issues presented for decision, we deem it necessary to make only a summary statement of the facts leading up to this litigation. On April 9, 1955 appellee purchased a 1955 Ford from Rebsamen Motors in Little Rock, executing a conditional sales contract for a balance of $2,233.50, payable in monthly installments of $74.45 each. When, after several payments had been made, two installments became delinquent, appellant (transferee of the sales contract from Rebsamen Motors) repossessed the automobile in Dallas, Texas.

*One.* Appellant contends that there was a peaceable retaking of the car under the terms of the sales contract as construed by the laws of Arkansas. We find no merit in this contention for the very good reason that this question is by-passed by the verdict of the jury. Appellee admits that two installments were past due when the car was re-possessed by appellant, but he testified that he had an agreement with appellant that it would extend the time for making said delinquent payments until a certain day — February 24, 1956 — and it is not denied that the car was repossessed before that date. Appellant denied entering into such an agreement, but the jury, under proper instructions, found otherwise. Although there was no consideration for appellant's agreement for such extension of time to pay, as is contended by appellant, yet it was binding. See: *General Motors Acceptance Corporation* v. *Hicks,* 189 Ark. 62, 70 S. W. 2d 509. Thus we must conclude that there was a conversion of the automobile in question.

*Two.* It is strenuously insisted by appellant that appellee proved no actual damages, and we must agree. It is agreed that appellee owed a balance of $1,637.95 on the automobile when it was converted. The highest value placed upon the automobile at the time of taking, fixed by appellee's own witness, was $1,595. This fact, however, did not preclude appellee from the right of showing other damages such as inconvenience, extra expense,

embarrassment etc. We have carefully read the testimony of appellee and fail to find where any such damages were shown and certainly none were evaluated.

We hold, however, since there was a conversion and, consequently an invasion of appellee's rights, he is entitled to nominal damages which we fix at $10. This procedure is authorized by *Barlow* v. *Lowder,* 35 Ark. 492; *Dilley* v. *Thomas,* 106 Ark. 274, 153 S. W. 110, and; *Adams* v. *Adams,* 228 Ark. 741, 310 S. W. 2d 813.

*Three.* This question then arises: Will nominal damages support a judgment for punitive damages? We find the authorities in general are hopelessly in conflict on this question, but since the conversion in the case under consideration occurred in Texas we must look to the decisions of that state. See: 11 Am. Jur. page 490, Conflict of Laws § 182, and Leflar on Conflict of Laws page 200.

Of the numerous Texas decisions dealing with nominal and punitive damages, we have been able to find only two which are fairly well in point. They are *Anderson* v. *Alcus,* (Tex. Civ. App.) 42 S. W. 2d 294, and *Postal Telegraph & Cable Co.* v. *Bacher,* (Tex. Civ. App.) 90 S. W. 2d 620. In the first case Alcus sued for actual and punitive damages on the grounds of libel and slander. The jury allowed nothing for actual damages but gave $50 for punitive damages. The trial court gave judgment however for one dollar nominal damages. On appeal the Civil Court of Appeals of Texas had this to say:

"The jury having found that appellant was guilty of uttering the slanderous words charged, then in law appellee, in the absence of a finding of actual damages in his favor, was entitled at least to nominal damages, which would have entitled him to judgment for the nominal damages found. See cases cited in Digest of Texas Reports, vol. 5, p. 839. Nominal damages are not actual damages, and will not support exemplary damages, as will actual damages. There is a clear distinction in the definitions of 'nominal,' 'actual,' and 'exemplary' damages. The words 'actual damages' are used as synonymous with 'compensatory damages'; that is, damages

given as an equivalent for the injury done. 'Exemplary damages' are damages imposed by way of punishment, and are given for that purpose, in addition to the compensation for a loss sustained. 'Nominal damages' are a small and trivial sum awarded for a technical injury due to a violation of some legal right, and as a consequence of which some damages must be awarded to determine the right. 17 C. J. pp. 710-714. In numerous decisions of our own courts, it has been held that, on any invasion of a right, damages are inferred in law so as to justify the award of a nominal or trifling sum."

In the *Bacher* case, *supra,* the cable company was sued for failure to properly transmit a message, and only nominal damages were shown. On appeal, the court said: "Plaintiff having shown a right to nominal damages only, there was no basis for exemplary damages." On rehearing when it was pointed out that appellee had suffered actual damages in the amount of 60 cents paid for the message, the court further said: "But we believe that actual damages in the sum of 60 cents would not warrant the award of exemplary damages . . ."

*Four.* On cross appeal it is urged by appellee that the conditional sales contract was void because of usury. The basis for appellee's charge of usury is that he did not request life insurance and, also, that he was charged an excessive insurance rate based on a wrong occupational classification. In rejecting appellee's contention we deem it sufficient to point out both items objected to involved questions of fact that were submitted to the jury under instruction No. 2 submitted by him, and given by the court over the objections of appellants. This being true he cannot be heard to complain on appeal.

In accordance with the views above expressed, the judgment of the trial court is reversed, and the cause is remanded with directions to enter judgment in favor of appellee for nominal damages in the sum of Ten Dollars.