Howard WILLIAMS *v.* Bill F. WALKER

73-292                              508 S.W. 2d 52

Opinion delivered April 22, 1974

*M. D. Anglin,* for appellant.

No brief for appellee.

GEORGE ROSE SMITH, Justice. In this action for property damage caused by negligence, the trial court directed a verdict for the defendant at the close of the plaintiff's proof. The only question here is whether the plaintiff adduced any substantial evidence of negligence on the part of the defendant. We agree with the trial court's conclusion that there was no such evidence for the jury.

The dispute is between landlord and tenant. In 1971 the appellee Walker leased to the appellant Williams a chicken house on Walker's property near Berryville. The tenant improved the leased building, moved equipment into it, and used it in his auction sales business. On the morning of March 6, 1972, an hour or two after midnight, the structure was destroyed by fire.

Williams, the tenant, brought this action for damages, asserting that Walker, after discovering the fire, negligently failed to notify the Berryville fire department in time for the fire to be put out. There was also an allegation that Walker's conduct amounted to gross negligence, entitling the plaintiff to punitive damages. The question, however, is still whether Williams proved his assertion of actual damage caused by ordinary negligence; because "the recovery of exemplary damages is dependent upon the recovery of actual damages." *Kroger Gro. & Baking Co.* v. *Reeves*, 210 Ark. 178, 194 S.W. 2d 876 (1946).

The issue raised by Williams' complaint was whether Walker negligently failed to report the fire promptly, but Williams' evidence was not pertinent to that issue of negligence. Instead, the testimony indicated that Walker may have started the fire deliberately—a charge not asserted in the complaint. It was shown that Walker had tried to terminate his tenant's lease, that there had been ill feeling and litigation between the parties, that Walker had increased his fire insurance coverage shortly before the fire, and that he had removed a valuable freezer from the leased building a few hours before it burned.

Obviously the facts just mentioned would not have indicated to the jury that Walker carelessly failed to report the fire as soon as he discovered it or should have discovered it. It

is shown that the building was burning at one o'clock, and that Walker called the fire department at one thirty, but there are no facts showing that the delay was due to negligence. There is no testimony, for example, to show that the building in question could have been seen from Walker's house, some 225 to 250 feet away, that Walker's bedroom was so placed as to afford a view of the fire, or that Walker in fact knew of the blaze before he reported it. Perhaps even more important, there is no proof that the building could have been saved even in part if the firemen had been notified 30 minutes earlier. Upon the proof the jury could have engaged only in speculation about the vital issue in this case—whether Walker negligently delayed reporting the fire after its discovery. In the circumstances the trial court's only course was to direct a verdict for the defendant.

Affirmed.