Mary Lou STONER *v.* Louis B. HOUSTON et ux

78-321                                          582 S.W. 2d 28

Opinion delivered June 11, 1979
(In Banc)

*James L. Sloan*, for appellant.

*John R. Elrod*, of *Elrod, Elrod, Elrod & Lee*, for appellees

CONLEY BYRD, Justice. This is an appeal of an action for trespass and damage to timber that was heard in the Benton County Circuit Court. The appellant, Mary Lou Stoner, was found to have trespassed and damaged timber on the land of the appellees, Mr. and Mrs. Louis Houston. The jury awarded the Houstons damages for the timber damage in the sum of $1,000.00; for the trespass, $1.00 actual, and $10,000.00 punitive damages. The trial judge tripled the award for timber damages to $3,000.00. The judgment was for $13,-001.00.

The issues raised on appeal by Stoner are: There was no malice proved and the trial court improperly tripled the $1,-000.00 award; the punitive damages were improper because they were based on a nominal award of $1.00; the two awards were unconstitutional because they amounted to a double recovery; and, the $10,000.00 award was excessive.

We find two errors requiring reversal: The court erroneously tripled the jury's verdict of $1,000.00, and the verdict did amount to a double recovery based on the same incident. We will discuss these and the other errors alleged that might arise on a rehearing.

The relevant facts are as follows: Mrs. Stoner owned two tracts of land, a 40 acre and a 17 ½ acre tract. The 17 ½ acre tract, which she occupied, was completely surrounded by the Houstons' land. The road Mrs. Stoner used as access to her property had been a source of contention between the parties, involving several court appearances. In fact, it ran right by the Houstons' house. Their respective rights were determined by court order. Mrs. Stoner claimed access from her 40 acre tract to her 17 ½ acre tract also through the Houstons' land, over an old logging road.

Without consulting the Houstons, Mrs. Stoner hired a bulldozer and directed it to drive down two old logging roads, clearing out existing trees, saplings and brush. The dozer blade was used as a drag and the dozer was backed down the roads. Small trees along the roads were knocked down, or pushed over.

The Houstons were quite upset and there was a confrontation between the parties. According to one version of the testimony, Mrs. Stoner gave the Houstons a cursing; also, she had a pistol in evidence.

The Houstons filed this suit for damages to their trees and land. The trees were all small, but, according to one exhibit, numbered over 100. The damage to the land was claimed to be the bulldozing of dirt. The Houstons contended it was the beauty of their land that was damaged. Mrs. Stoner did not have permission to do this act; she claimed she was merely maintaining the roads.

An expert witness testified the Houstons' land was damaged $1,000.00 to $1,200.00. (Two measures of damages are allowed for an action under Ark. Stat. Ann. § 50-105 [Repl. 1975]; the value of the timber, or the damage to the market value of the land.) See *Laser* v. *Jones*, 116 Ark. 206, 172 S.W. 1024 (1915).

Mostly, Mrs. Stoner's evidence was that the roads were open, the damages were none, and she had a right to clean them out.

The Houstons offered proof that the road to the 17½ acres was grown up, impassable to the ordinary car or truck; it was only a trail, and Mrs. Stoner had no right to even use it. Mrs. Stoner offered testimony the road was grown up, but passable, and that was precisely why she ordered it cleaned out. The other logging road was more passable.

The jury agreed with the Houstons and returned a verdict totaling $11,001.00. The judge added $2,000.00 more as we had indicated.

There is substantial evidence to support the jury's finding that Mrs. Stoner acted with malice. The parties had been in court several times over one road. Both parties' rights thereto were defined by court order. There had been other confrontations over fences and acreage. Knowing all this, Mrs. Stoner proceeded to have the bulldozer go to work, widening the old logging roads. The good faith argument by

Mrs. Stoner was a question of fact for the jury. According to some testimony, Mrs. Stoner gave the Houstons a cursing and declared she would eventually own their property and they would be sorry they ever heard of Siloam Springs.

Malice, as the court instructed the jury, is the intentional doing of a wrongful act without justification or excuse.

In our judgment, the trial judge improperly tripled the jury's $1,000.00 award. The statute the Houstons claimed under authorized treble damages for malicious destruction or removal of timber. Ark. Stat. Ann. § 50-105 (Repl. 1975). However, the jury had been instructed, ". . . If you find that the Houstons' trees were maliciously destroyed by Mrs. Stoner . . . *you will triple the amount of actual damages*, if any, suffered by the Houstons and award them that amount." (Emphasis added.) The jury was given interrogatories and first found Mrs. Stoner had unlawfully destroyed trees; next they found "the damages" to be $1,000.00; and, finally, they found Mrs. Stoner's conduct malicious.

The trial judge, no doubt, decided the jury had only returned a verdict for actual damages and had not tripled them. The only evidence of monetary damages was the expert's testimony of $1,000.00 to $1,200.00. Consequently, the judge tripled the $1,000.00 award. That was an assumption that cannot be made in the fact of an unequivocal instruction for the jury to decide the damages and then triple them. A jury may return a verdict for less than the evidence shows, and we have upheld such verdicts. *Pickett Lake Farms* v. *Sullivan & Jones*, 245 Ark. 709, 434 S.W. 2d 88 (1968).

The appellees argue there was no objection to the instruction and interrogatories, and, therefore, this issue cannot be argued on appeal. There was nothing wrong with the instruction or the interrogatories. We have approved either the jury or the court tripling damages, although the better practice is for the court to triple the damages. *Memphis & Little Rock Railroad Co. v. Carlley*, 39 Ark. 246 (1882).

Since there was no need to object to the instruction or interrogatories, the appellees' argument is without merit.

The Houstons' lawsuit was for damages to timber under Ark. Stat. Ann. § 50-105 (Repl. 1975), and common law trespass. The statute allows triple damages, which are punitive in nature, and the Houstons sought punitive damages in connection with the trespass. They were awarded both. In this case, under the facts recited, it amounted to a double punitive recovery for the illegal act. The elements of damages were the same, and such a recovery is prohibited. 25 C.J.S. Damages, § 3. See, also, *John Mohr & Sons, Inc.* v. *Jahnke*, 55 Wis. 2d 402, 198 N.W. 2d 363 (1972).

The Houstons on a retrial may elect which remedy they want, but, unless they have other evidence, they cannot recover both.

While it is not necessary to deal directly with the argument that a $1.00 award as damages cannot support a $10,-000 punitive verdict, it may arise on a rehearing. The law is settled that exemplary or punitive damages is dependent upon the recovery of actual damages. *Kroger Grocery & Baking Co.* v. *Reeves*, 210 Ark. 178, 194 S.W. 2d 876 (1946); *Williams* v. *Walker*, 256 Ark. 421, 508 S.W. 2d 52 (1974). Nominal damages will not support a punitive award. *Manhattan Credit Co., Inc.* v. *Skirvin*, 228 Ark. 913, 311 S.W. 2d 168 (1958). Was the $1.00 award in this case nominal? We would have to say yes. But this is in view of the facts of this case. We have found $10.00 to be a nominal award. *Manhattan Credit Co., Inc.* v. *Skirvin, supra.* But obviously each case is different. See *Ray Dodge, Inc.* v. *Moore*, 251 Ark. 1036, 479 S.W. 2d 518 (1972).

We do not rule on the issue of excessive damages because we cannot speculate on what a jury may decide actual damages would be on a retrial.

FOGLEMAN and HICKMAN, JJ., concur in part and dissent in part.

JOHN A. FOGLEMAN, Justice, concurring in part, dissenting in part. I agree with the majority's conclusion that the trial court erred in tripling the jury's verdict of $1,000 for timber damage. I certainly do not agree that the verdict amounted to a double recovery, and I thoroughly disagree

with the statement that it was based on the same incident. The recovery of triple damages under Ark. Stat. Ann. § 50-105 (Repl. 1971) is for damages to the value of the *thing* damaged, broken, destroyed, or carried away, with costs. The *things* covered by the statute are trees, timber, rails, wood, stone, ground, clay, turf, mold, fruit, plants, grass, grain, corn, cotton, tobacco, hemp, or flax. The statute also covers glass in a building broken by the trespasser. It does not cover any other damages resulting from a trespass. This statute covers a particular kind of damage to a particular kind of property. It does not cover other trespasses. The appellees sought to recover for appellant's trespass committed by entering their land and using a bulldozer to scrape the earth. It takes a stretch of the imagination to say that Ark. Stat. Ann. § 50-105 covers that kind of trespass.

As appellees point out, the trespass by cutting the trees lay in the act of cutting and destroying them, not in the entry on the land and the scraping with the bulldozer blade. There was testimony that Mrs. Stoner had used a bulldozer to widen the road through appellees' property, in the course of which a portion of appellees' yard had been cut out. The soil was disturbed elsewhere, according to this testimony. Mr. Houston also testified that, before the bulldozing, the property was beautiful and scenic, but that it is now scarred with two ugly gashes across it. If the jury accepted this testimony, appellees were entitled to common law damages for this damage in addition to the treble damages for destruction of trees. It is quite clear that the jury arrived at damages on the two items separately. The interrogatories submitted separated the damage to the trees and the damage for the trespass on the land. In my opinion this was proper.

I agree with my brother Hickman that the rule that nominal damages will not support a punitive award is improper and subversive of the very purposes for which punitive damages are awarded. I would point out that in *Manhattan Credit Company, Inc.* v. *Skirvin*, 228 Ark. 913, 311 S.W. 2d 168, relied upon by the majority, we were treating Texas law, not Arkansas law. In that same case we pointed out that the authorities are hopelessly in conflict on this question, but said that Texas law applied because the conversion took place in

Texas. Not only does the majority fail to cite any other case to support its position, appellant cited no other case supporting that position. Other cases cited by the appellant were cases where no actual damages were found. I do not think that we should follow our neighbor Texas in the application of an unsound and inappropriate rule.

I am authorized to state that Mr. Justice Hickman joins in this opinion.

DARRELL HICKMAN, Justice. My main disagreement with the majority is regarding its statement that punitive damages will not be awarded if only nominal damages are awarded.

Quite often punitive damages are the only remedy available to an individual to stop impermissible conduct. I would not like to preclude any litigant from being able to go to court and punish another person for outrageous conduct such as a willful trespass that might result in only nominal damages. For a more detailed explanation of the reasons for punitive damages see *Ray Dodge, Inc.* v. *Moore*, 251 Ark. 1036, 479 S.W. 2d 518 (1972).