Troy L. ADAMS & Mrs. L.L. ADAMS *v.* Dorothy Mayo
PARKER & Roger Kelly MAYO

85-301                                      708 S.W.2d 617

Supreme Court of Arkansas
Opinion delivered May 5, 1986

*Pryor, Robinson & Barry*, for appellant.

*Gean, Gean, & Gean*, by: *Lawrence W. Fitting*, for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Troy L. Adams, and the appellee, Roger Kelly Mayo, who were high school students at the time, were involved in a car accident in which both were injured. Mayo and his mother filed suit against Adams and his mother seeking $61,875 for loss of income, loss of a college scholarship, disability, medical expenses, pain and suffering, and property damage. The case was tried before a jury which returned a verdict in Mayo's favor, fixing his damages at $200.00. The trial judge found there was an error in the assessment of damages and granted Mayo's motion for a new trial. It is from that order that this appeal is brought. Our jurisdiction is pursuant to Sup. Ct. R. 29(1)(o). We affirm.

Arkansas R. Civ. P. Rule 59 provides that a new trial may be granted for "any of the following grounds materially affecting the substantial rights of such party: . . . (5) error in the assessment of the amount of recovery, whether too large or too small."

Where a motion for new trial is granted, the test on review is whether the trial court abused its discretion. *Ferrell* v. *Whittington*, 271 Ark. 750, 610 S.W.2d 572 (1981). The trial judge is vested with great discretion in ruling on a motion for a new trial and will not be reversed unless there is a manifest abuse of that discretion. *Roberts* v. *Simpson*, 275 Ark. 181, 628 S.W.2d 308 (1982). We have held that a showing of abuse of discretion is more difficult when a new trial has been granted because there is less basis for a claim of prejudice by the beneficiary of the verdict which was set aside than by one who has unsuccessfully moved for a new trial. *Roberts, supra.*

Here, evidence was offered that Mayo's medical bills alone totalled $2,854. From an examination of the record, we cannot say the trial court's finding, that an award of $200 was too small, was a manifest abuse of discretion. Accordingly, we affirm the action of the trial judge in granting a new trial on that basis.

Affirmed.

PURTLE, J., not participating.