Melvyn BELL and Darlene Bell *v.* Rory McMANUS

87-214 742 S.W.2d 559

Supreme Court of Arkansas

Opinion delivered January 19, 1988

[Supplemental Opinion on Denial of Rehearing
February 29, 1988.]

*Tripper Cronkhite*, for appellants.

*Howell, Price Trice, Basham & Hope*, by: *Carey E. Basham* and *Dale Price*, for appellee.

JOHN I. PURTLE, Justice. During the trial the court dismissed appellant Melvyn Bell as a plaintiff and subsequently granted a judgment notwithstanding the verdict that set aside the jury award of punitive damages to appellant Darlene Bell. The appellants argue four points for reversal: (1) the trial court erred in holding that compensatory damages must be awarded in order to sustain an award for punitive damages; (2) the trial court erred in dismissing Melvyn Bell's cause of action because he was not present at the trial; (3) the trial court erred in holding that there was no substantial evidence of compensatory or nominal damages; and (4) the trial court erred in not granting appellants' motion for a new trial. We do not find prejudicial error and therefore affirm the action of the trial court.

The appellants filed a complaint in the circuit court which alleged that appellee masterminded the burglary of their home by two teenagers who stole $7,400 worth of their personal property. The complaint asserted that the appellee's actions were intentional, malicious, criminal, and constituted not only a trespass, but the intentional infliction of emotional distress which insulted the appellants' property and sense of well being.

At the trial Mrs. Bell testified that "we were appalled that it happened. We felt violated and very angry. We have always worked for everything we've had and to have someone else, who doesn't want to work, come in and steal from us is not a very good feeling to be violated like that." There was no other material testimony relating to damages for trespass or outrage. The trial court dismissed Mr. Bell's cause of action because he was not present at trial.

The court instructed the jury on the tort of outrage without objection. The appellants offered their own version of AMI 2201, which would have allowed the jury to consider as elements of damage the fair market value of the property stolen, and the infringement of the Bells' rights to maintain their home and property without being violated by intruders. The court modified the proposed compensatory instruction by instructing the jury to compensate Mrs. Bell only for any mental anguish experienced by her in the past. The jury was also instructed on punitive

damages.

The jury returned a verdict signed by nine members, which stated:

> We, the jury, find for the plaintiff, Darlene Bell, and assess her damages as follows: compensatory -0-; punitive, $3,700.00.

The trial court refused appellants' motion for judgment on the verdict. The court granted the appellee a judgment notwithstanding the verdict and denied the appellants' motion for a new trial.

The first argument advanced by the appellants questions the trial court's holding that punitive damages cannot stand in the absence of an award of compensatory damages. They argue that the cases hold that punitive damages depend upon a showing that compensatory damages have been *suffered* rather than that compensatory damages were *awarded*. We are of the opinion that such argument attempts to draw a line too thin to follow.

The court's instruction on the tort of outrage provided that Mrs. Bell had the burden of proving that she suffered damages and that appellee wilfully and wantonly engaged in extreme and outrageous conduct which proximately caused her damages in the nature of emotional distress. The instruction was proper.

Although there was evidence of a trespass, no such instruction was offered by appellants. The appellants presented their case to the jury on the tort of outrage and the jury simply found that Mrs. Bell had not suffered compensatory damages. In the absence of an award for damages for the underlying cause of action, punitive damages are improper. *Stoner* v. *Houston*, 265 Ark. 928, 582 S.W.2d 28 (1979); and *Kroger Grocery & Baking Co.* v. *Reeves*, 210 Ark. 178, 194 S.W.2d 876 (1946).

In *M.B.M. Co.* v. *Counce*, 268 Ark. 269, 280, 596 S.W.2d 681 (1980), we defined the tort of outrage: "One who by extreme and outrageous conduct willfully or wantonly causes severe emotional distress to another is subject to liability for such emotional distress and for bodily harm resulting from the distress."

Appellant's second argument is that the trial court erred in dismissing Mr. Bell's cause of action. In *Growth*

*Properties* v. *Cannon*, 282 Ark. 472, 669 S.W.2d 447 (1986), several children and their spouses were awarded compensatory and punitive damages caused by the tort of outrage when the defendant trespassed upon the gravesites and vaults of the plaintiffs' deceased parents. We affirmed the trial court in all but one of the awards. In reversing the award of compensatory and punitive damages in favor of a child who did not appear and testify at trial, we stated:

> [D]amages for the mental suffering that results from the tort of outrage cannot be justified on behalf of one who is a party in name only. Don Cannon did not appear at the trial and it was error to award damages for emotional distress in the absence of specific proof. . . . [M]ental anguish may not be inferred on behalf of someone who fails to testify concerning his own experience.

We do not agree with appellant's assertion in his third argument that the trial court set aside the jury verdict because there was no substantial evidence relating to compensatory or nominal damages. Rather, the trial court vacated the verdict because there was no award for compensatory damages. Even if nominal damages had been awarded, it still would not have supported an award of punitive damages. *Growth Properties*, supra; *Stoner*, supra.

The trial court considered the appellee's motion for a JNOV and the appellants' motions for judgment on the verdict or, in the alternative, for a new trial at the same time. See ARCP Rule 50(c)(1). The court granted appellee's motion and denied both motions of the appellants. Appellants' motion for a new trial in the present case was based upon the argument that the verdict was too low (ARCP Rule 59(a)(5)) and contrary to a preponderance of the evidence and contrary to law (ARCP Rule 59(a)(6)).

Whether to grant a new trial is a matter within the sound discretion of the trial judge and its decision will not be reversed unless there is a showing of abuse of discretion. *Liggett* v. *Church of Nazarene*, 291 Ark. 298, 724 S.W.2d 170 (1987). It is more difficult to demonstrate an abuse of discretion when a new trial has been granted because there is less basis for a claim of prejudice by one who has the benefit of a new trial than by one who has been denied a new trial. *Adams* v. *Parker*, 289 Ark. 1,

708 S.W.2d 617 (1986). A trial court may not substitute its judgment for that of the jury unless the verdict is clearly contrary to a preponderance of the evidence. *Peoples Bank & Trust Co.* v. *Wallace*, 290 Ark. 589, 721 S.W.2d 657 (1986).

■■ Therefore, we hold that the trial court properly granted appellee's motion for a JNOV because the verdict was contrary to law inasmuch as the verdict failed to award compensatory damages to support the punitive damages which were awarded. Nor do we find an abuse of discretion by the trial court in denying appellants' motion for judgment on the verdict or in denying their motion for a new trial because the verdict finding that no compensatory damages were suffered by Mrs. Bell was not clearly against the preponderance of the evidence.

In deciding these motions, the trial court had to decide if the verdict was clearly against the preponderance of the evidence or was contrary to the law. The court did not make specific findings of fact and conclusions of law. The judgment stated that that part of the verdict awarding punitive damages without an award of compensatory damages could not stand. Obviously the trial judge considered whether the verdict was clearly contrary to a preponderance of the evidence. The trial court determined that that part of the verdict which found that Mrs. Bell suffered no compensatory damages was not clearly erroneous.

Affirmed.

Supplemental Opinion upon Denial of Rehearing
February 29, 1988

745 S.W.2d 140

JOHN I. PURTLE, Justice. In their petition for rehearing the appellants state that this court misstated their third argument for reversal when we stated: "We do not agree with appellants' assertion in their third argument that the trial court set aside the jury verdict because there was no substantial evidence relating to compensatory or nominal damages." They are right. The third argument was: "The trial court erred in holding that there was no substantial evidence of compensatory or nominal damages to submit to the jury." Having stated their argument correctly, we refuse to grant a rehearing because there was no substantial evidence that required the giving of the appellants' requested instruction on damages.

The A.M.I. 2201 instruction offered by the appellants contained the following elements of damages:

(1) The fair market value of their personal property immediately before the occurrence;

(2) Any mental anguish or sense of outrage experienced by them in the past or reasonably certain to be experienced by them in the past or reasonably certain to be experienced in the future;

(3) The infringement of their right to have their home secure and free from intruders;

(4) The infringement of their right to have possession of their personal property, regardless of its value.

The court amended this instruction by submitting only one element to the jury, as follows:

[1] Any mental anguish experienced by her in the past.

The proffered elements were either incorrect statements of the law or were not supported by substantial evidence.

Petition denied.