Jean Merritt TAKEYA *v.* Eugene DIDION

87-213                                    745 S.W.2d 614

Supreme Court of Arkansas
Opinion delivered February 29, 1988
[Supplemental Opinion on Denial of Rehearing
March 28, 1988.*]

*Hickman, J., concurs.

*Easley & Hickey*, for appellant.

*W.H. Dillahunty*, for appellee.

ROBERT H. DUDLEY Justice. The appellant, a single woman, began dating appellee, a married man. After seeing one another for a little over two years, the affair ended. At that time, according to the appellant, the appellee slapped her repeatedly, dragged her by the throat, broke her nose, threatened to kill her, and attempted to suffocate her by stuffing a sweater down her throat while pinching her nose. She sued appellee for assault and battery. The appellee denied the allegations but did admit that he hit her when she bit him. The jury was instructed as to both compensatory and punitive damages, but was not told that compensatory damages must be awarded before punitive damages could be allowed. The jury returned a verdict for the appellant and awarded her $75,000.00 in punitive damages but did not award her any compensatory damages. The appellant's attorney moved for a judgment notwithstanding the verdict as to compensatory damages or, in the alternative, a new trial. The trial court held that since the rule is well established that a party cannot receive punitive damages unless compensatory damages have been awarded, the appellant was entitled to no damages and then denied the motion for a judgment notwithstanding the verdict as to compensatory damages and also denied a new trial. We reverse for a new trial.

In this State, "in the absence of an award for damages for the underlying cause of action, punitive damages are

improper." *Bell* v. *McManus*, 294 Ark. 275, 277, 742 S.W.2d 559, 560 (1988). The appellant first argues this general rule should not apply in this case. She asserts that at common law proof of damages was not an element of battery, and that once a battery was shown, nominal damages were presumed. The argument is an interesting one, but, even if it were accepted by this Court, it would not cause reversal because "[e]ven if nominal damages had been awarded, it still would not have supported an award of punitive damages." *Id.* at 278, 742 S.W.2d at 561.

The appellant next argues that the trial court erred in refusing to grant a judgment notwithstanding the verdict by adding compensatory damages to the verdict. We addressed a comparable argument in *Morton* v. *American Medical International, Inc.*, 286 Ark. 88, 689 S.W.2d 535 (1985). There, the plaintiff, having lost below, argued there was no substantial evidence to support the defendant's verdict and that the trial court erred in refusing to direct a verdict for the plaintiff. We held that the party having the burden of proof of facts may not have those facts declared a reality as a matter of law. We quoted with approval from the Supreme Court of Missouri:

> "The burden was not on the defendant, but was on the plaintiff to make out the case stated in his petition. In a case where the allegations of the petition are denied by the answer, and the plaintiff offers oral evidence tending to support the allegations of the petition, the defendant is entitled to have the jury pass upon the credibility of such evidence even though he should offer no evidence himself. The court has no right to tell the jury that it must believe the witnesses. The jury, in the first instance, is the sole judge of the credibility of the witnesses and of the weight and value of their evidence, and may believe or disbelieve the testimony of any one or all of the witnesses, *though such evidence be uncontradicted and unimpeached.*" [Italics supplied.]

*Id.* at 90, 689 S.W.2d at 537 (quoting *Cluck* v. *Abe*, 328 Mo. 81, 84, 40 S.W.2d 558, 559 (1931)).

Thus, the trial court ruled correctly when it refused to add compensatory damages to the verdict by use of a judgment notwithstanding the verdict.

Appellant's final argument is that the trial court erred in refusing to grant a new trial. The argument has merit. In refusing to grant the new trial, the trial court found that the jury could have believed the appellee, but we think not. The jury did not know that if it awarded punitive damages without awarding compensatory damages the judgment would be set aside. The jury heard the appellant testify about the battery and the resulting injuries and also heard the appellee deny that testimony. Obviously, the jury decided the appellee was guilty of the battery, since it returned a verdict stating "We, the jury, find for the plaintiff . . . ." and awarded her $75,000.00 in punitive damages.

In a similar case, the jury returned a verdict for the plaintiff, with " 'actual damages at the sum of $___ and exemplary or punitive damages at the sum of nine hundred dollars ($900).' " *Kroger Grocery & Baking Co.* v. *Reeves*, 210 Ark. 178, 179, 194 S.W.2d 876, 876 (1946) (quoting jury verdict). The trial judge entered a verdict of $900.00, and the defendant appealed. We reversed because no compensatory damages were awarded, and we ordered a new trial:

> Appellant insists that the judgment should be reversed and judgment entered here for it, or the cause dismissed, notwithstanding the verdict of this jury, but we think appellant is not entitled to that relief. We have the right to, and do, however, treat his motion as one for a new trial, and when we have done so, it appears that there is an error upon the face of the record as the verdict of the jury does not support the judgment which was pronounced.

*Id.* at 180-81, 194 S.W.2d at 877.

Under ARCP Rule 59(a)(5), a trial court now may grant a new trial for "an error in the assessment of the amount of recovery." Here, there was such an error, and the trial judge abused his discretion in refusing to order a new trial.

Reversed and remanded for a new trial.

HOLT, C.J., and HICKMAN, J., concur.

JACK HOLT, JR., Chief Justice, concurring. I concur in the results reached by the majority. However, I feel as though our

holdings in this case and in *Bell* v. *McManus*, 294 Ark. 275, 277, 742 S.W.2d 559, 560 (1988), that "in the absence of an award for damages for the underlying cause of action, punitive damages are improper," are unduly restrictive. It appears obvious to me that underlying causes of action involving crimes against the person such as assault or battery often occur without the victim suffering harm sufficient to justify an award of compensatory damages. Under our present law, the aggrieved party cannot recover punitive damages—absent actual damages—even though subjected to outrageous conduct. I would modify our present position so that if facts are established which, apart from punitive damages, are sufficient to maintain a cause of action for crimes against the person, it is not essential to the recovery of punitive damages that the plaintiff should have suffered any harm, either pecuniary or physical.

In the alternative, if we continue under our present rule, it is high time that we deal honestly with the jury and instruct them that punitive damages cannot be awarded in the absence of an award for damages for the underlying cause of action, and I would urge the drafting of an appropriate model jury instruction to that effect.

Supplemental Opinion on Denial of Rehearing
March 28, 1988

748 S.W.2d 332

PER CURIAM. The petition for rehearing is denied.

HICKMAN, J., concurs.

DARRELL HICKMAN, Justice, concurring. I also would deny rehearing, but I write for two reasons. First, I should have noted that I did not agree with Chief Justice Holt's remarks about a jury instruction. I expect it is best not to tell the jury the consequences of an award for compensatory damages.

The other reason is the appellee has pointed out that our decision seems entirely inconsistent with our decision in January, *Bell* v. *McManus*, 294 Ark. 275, 742 S.W.2d 559 (1988). I think the appellee deserves an explanation. The legal test in both *Bell*

and this case is one of measuring the trial court's decision, which necessarily is based on a weighing of the evidence. That means we also have to weigh the evidence as a matter of law. In *Bell* we could not say the trial judge abused his discretion. In this case the verdict on compensatory damages was clearly contrary to the preponderance of the evidence, and in our judgment the trial judge should have ordered a new trial. Just like trial judges, we sometimes look at a case and conclude the evidence is simply not there or it is overwhelming. In this case there was no doubt in our mind that the jury should have awarded compensatory damages.