Billy R. REVELS *v.* Phillip B. KNIGHTON and
Lenora A. Knighton

91-41                                       805 S.W.2d 649

Supreme Court of Arkansas
Opinion delivered March 25, 1991

*William Randal Wright*, for appellant.

*Honey & Honey*, by: *Marc Honey*, for appellees.

TOM GLAZE Justice. The Hempstead County Circuit Court, sitting as a jury, found that the appellant destroyed trees on property owned by appellees. The court held the appellant's acts violated Ark. Code Ann. § 18-60-102 (1987), and under the

authority of that statute, it awarded appellees treble damages in the amount of $5,220.00. Appellant appeals the lower court's decision, contending the court erred in awarding replacement costs of the trees as damages and in trebling the damages awarded.

At trial, the parties offered damage evidence regarding the appellant's removal of some large pine and oak trees growing on the appellees' property. Appellees' expert, over appellant's objection, was allowed to testify to the replacement costs of those trees (as shade trees), saying that the oaks were worth $200.00 to $700.00 and the pines bore a value of $300.00 to $600.00. Appellant's expert gave a value of $25.00 per tree based upon the trees' commercial or area sawmill prices. The parties' witnesses generally agreed that three to four oaks and three to four pines had been destroyed and removed. The trial court awarded appellees $1,500.00 in damages before trebling the amount under § 18-60-102. The court added $720.00 for costs the appellees apparently incurred for removing brush left from the appellant's bulldozer work in removing the trees. The $720.00 amount is not questioned in this appeal.

■ In the recent case of *Worthington* v. *Roberts*, 304 Ark. 551, 803 S.W.2d 906 (1991), we adopted the rule that where ornamental or shade trees are injured, the use made of the land should be considered, and the owner compensated by the damages representing the cost of replacement of the trees. Here, appellees offered evidence reflecting that they intended to use the property, bearing the oak and pine trees that were removed, as a trailer park, and their expert opined that the trees, as shade trees, were a plausible use for such a park.

■ The *Worthington* case did not involve § 18-60-102 — the statute relied on by appellees — but that distinction requires no different result. Section 18-60-102(a) provides that if any person injures or destroys any tree growing or placed for the use of shade or timber on the land of another in which such person has no right or interest, the person so trespassing shall be liable to the injured party for treble the value of the "thing so damaged" with costs. While appellant argues that the only proper damages in this case should be the diminution in value to the property resulting

from the damage, we have not read § 18-60-102 so narrowly.[1] In *Stoner* v. *Houston*, 265 Ark. 928, 582 S.W.2d 28 (1979), this court stated that there are two elements of recovery allowable under the statute (then Ark. Stat. Ann. § 50-105 (Rep. 1971)). According to *Stoner*, a party can recover either the value of the trees or the damage to the market value of the land, i.e., diminution in value. *See also Laser* v. *Jones*, 116 Ark. 206, 172 S.W. 1024 (1915). Further, this court has also stated that, when considering damages under the statute, it is proper to consider any use to which the damaged property may be adapted. *See Floyd* v. *Richmond*, 211 Ark. 177, 199 S.W.2d 754 (1947); *Laser*, 116 Ark. 206, 172 S.W.2d 1024. Consistent with our understanding of the law and the facts in this case, we believe the trial court was clearly correct in awarding replacement costs for the trees destroyed by the appellant.

Appellant next questions the treble damages awarded by the trial court. Although § 18-60-102(a) provides for treble damages, appellant directs our attention to § 18-60-102(c) which, in essence, provides that if the defendant (appellant here) had probable cause to believe the land on which the trespass occurred was his own, then the plaintiff (appellees) shall recover single damages only. In construing this statutory language, we have said that our cases make clear that a necessary element to justify treble damages is intent of wrongdoing, though such intent may be inferred from the carelessness, recklessness, or negligence of the offending party. *Calloway* v. *Perdue*, 238 Ark. 652, 385 S.W.2d 4 (1964).

In considering appellant's intent as it bears upon appellees' entitlement to treble damages, we review the evidence and all reasonable inferences therefrom in the light most favorable to the appellees and reverse only if the trial judge's decision is clearly erroneous. *Sipes* v. *Munro*, 287 Ark. 244, 697 S.W.2d 905 (1985). In doing so, the record reflects that the appellant hired a bulldozer owner to clear appellant's land.

---

[1] There was some evidence that the appellees purchased the property with the trees for $150.00 and the property after the trees' removal was worth $600.00. In other words, appellant claims the appellees' market value of the property has actually increased and appellees bore no loss from the appellant's actions.

During his clearing the land, the owner of the bulldozer, Weldon McDowell, realized that, in following appellant's directions, he was going to cross appellees' property line, so he asked appellant to consult appellees concerning the exact line location. When appellant discussed the matter with appellees, appellees told appellant that he was "getting over on [appellees'] property," and asked him if he would wait two or three days so a survey could be taken to resolve any questions. Appellant declined, saying he spent all of the money on surveys and clearing that he was going to spend. Although appellant apparently had obtained an earlier survey of this property, he never referred to it before instructing McDowell to continue with the work.

In sum, appellees and McDowell had informed appellant that, if McDowell continued to clear the brush and trees as appellant directed, McDowell would be working on appellees' property. Confronted with this information and warnings, appellant still had McDowell complete the work as instructed. On these facts, the trial court, in trebling damages, found the appellant had been fully apprised of the property line claim of appellees before the damages were incurred, yet he proceeded to have his bulldozer operator cross the line to clear property anyway. We are unable to say the trial court was clearly erroneous.

We affirm.