FIRST ELECTRIC COOPERATIVE CORPORATION *v.*
Mark S. and Suzanne CHARETTE

91-46                                   810 S.W.2d 500

Supreme Court of Arkansas
Opinion delivered June 24, 1991

*James C. Baker, Jr.*, for appellant.

*Charles Phillip Boyd, Jr.*, for appellees.

ROBERT H. DUDLEY, Justice. Plaintiffs, Mark and Suzanne Charette, bought a three-acre wooded corner lot in a subdivision in Saline County. For the next year and a half, they removed pine trees and cleared undergrowth and damaged hardwood so that the healthy hardwood would grow. They plan to build a lake on the southern part of their lot and to build their home on the northern part of it. They left a grove of the best hardwood trees along the road on the west side of their property so that they could have a tree-lined drive beside their home. Unfortunately, First

Electric Cooperative Corporation made a mistake about the location of its easement and cut down twenty-one (21) of plaintiff's trees along the road.

The plaintiffs sued First Electric for its destruction of the hardwood trees. They prayed for the replacement value of the destroyed trees and for treble damages for intentional destruction of the trees pursuant to Ark. Code Ann. § 18-60-102 (1987). At trial, the jury heard evidence of the cost of replacing the trees, as well as evidence of the fair market value of the land before and after the removal of the trees. At the close of all the evidence, and over the objection of First Electric, the trial judge instructed the jury that if it found for the plaintiffs, it should determine the amount of money which would compensate the plaintiffs for the reasonable expense of necessary repairs to the damaged property. The jury found that First Electric was negligent in cutting down the trees, but that it had not intentionally destroyed them, and it awarded plaintiff recovery in the amount of $8,300.00. The trial court entered judgment in that amount. We affirm.

Appellant First Electric argues that allowing the replacement measure of damages can result in an unfair recovery to the trespasser when, as in the present case, the evidence shows that the cost of replacing trees is almost as much as the value of the land. Plaintiff Mark Charette testified that he and his wife, Suzanne, purchased the land in the spring of 1987 for $13,900.00 and that the land was worth $24,000.00 in the fall of 1989, before appellant cut the trees along the road. On the other hand, First Electric's expert, a real estate appraiser, testified that the fair market value of the land was only $14,000.00 before the appellant cut down the twenty-one (21) trees and that the land was worth more after the trees were cut. Plaintiffs' expert, a nurseryman, testified that it would cost $16,555.00 to replace the trees.

In the recent case of *Worthington* v. *Roberts*, 304 Ark. 551, 803 S.W.2d 906 (1991), we adopted the rule that when ornamental or shade trees are injured, the use made of the land should be considered and the owner compensated by damages representing the cost of replacement of the trees. We also said that the evidence in each case will determine whether an instruction on the difference in the value of the land before and after an occurrence (AMI 2222) or one on the cost of restoration

(AMI 2223) should be given.

■ In the present case, the evidence showed that the appellant had destroyed a relatively small number of hardwood trees. The plaintiffs had intentionally left these trees growing along the roadside because they wanted a beautiful tree-lined road by their home. In effect, the trees that First Electric destroyed were part of the landscaping the plaintiffs had undertaken in preparation for building their house. Under these facts, we cannot say that the trial court abused its discretion in instructing the jury on the replacement measure of damages. Certainly we can envision fact situations in which recovery of the replacement cost of trees would yield a result grossly disproportionate to the fair market value of the land and would, therefore, be an inappropriate measure of damages, but this is not such a case.

■ First Electric secondly argues that the replacement measure of damages was improper in the present case because the plaintiffs had not yet put the land to their intended use for it by building their house or lake. This argument has no merit. In another recent case, *Revels* v. *Knighton*, 305 Ark. 109, 805 S.W.2d 649 (1991), we held that it is proper for a trial court to consider the intended use of property when determining the appropriate measure of damages. In that case, we allowed replacement value damages for shade trees on property which the appellees intended to use as a trailer park.

Affirmed.